Filed 11/19/20  P. v. Espana CA6
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICARDO ANGEL ESPANA,<br><br>    Defendant and Appellant. | H046062<br>(Santa Clara County<br>Super. Ct. No. C1361295) |

This case is before us for the second time after the California Supreme Court granted review, deferred briefing, and transferred the matter back to this court with directions to vacate our prior decision and reconsider the cause in light of *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*).  Defendant Ricardo Angel Espana pleaded no contest to attempted murder (Pen. Code, §§ 664, subd. (a), 187),[1] shooting at an inhabited dwelling (§ 246), and assault with a firearm (§ 245, subd. (a)(2)).  Defendant admitted two firearm enhancements (§ 12022.53, subds. (a), (b)) and a prior serious felony conviction enhancement (§ 667, subd. (a)).  On appeal, defendant argued that we should reverse the judgment and remand the matter back to the trial court so that it may exercise its discretion to dismiss his firearm or prior serious felony conviction enhancements in light of Senate Bill Nos. 620 and 1393.  In our earlier opinion, we agreed with defendant and reversed and remanded the judgment with directions.

---

[1] Unspecified statutory references are to the Penal Code.

We vacate our previous decision and, having reconsidered it, we again reverse and remand the matter back to the trial court.

## BACKGROUND

1. *The Crimes*[2]

On June 13, 2013, San Jose Police Department officers responded to a drive-by shooting. The victim, who suffered a broken nose, chipped tooth, and a pellet through his right eye, told officers that he was shot by several suspects driving a black vehicle. Prior to the shooting, the victim heard the suspects shout "Norte."

That same evening, officers responded to another shooting. The victim told officers that he was seated in his car when suspects in a dark-colored car pulled up next to him and shot twice into his car. A car matching the description of the suspects' car was found on a nearby freeway, and defendant was identified as the driver. Defendant and another man, his codefendant, were arrested following a high-speed chase. Both defendant and his codefendant were identified as active members of the Norteño criminal street gang.

2. *The Plea Agreement*

On September 14, 2016, defendant completed an advisement of rights, waiver, and plea form. Defendant agreed to plead no contest to attempted murder (§§ 664, subd. (a), 187), shooting at an inhabited dwelling (§ 246), and assault with a firearm (§ 245, subd. (a)(2)). In connection with the count of attempted murder, defendant admitted a firearm enhancement (§ 12022.53, subd. (b)) and a gang enhancement (§ 186.22, subd. (b)(1)(C)). In connection with the counts of shooting into an inhabited dwelling and assault with a firearm, defendant admitted a firearm enhancement (§ 12022.5, subd. (a)) and a gang enhancement (§ 186.22, subd. (b)(1)(C)). Defendant also admitted

---

[2] Since defendant pleaded no contest, we derive our summary of the offense from the probation officer's report, which was based on a report prepared by the San Jose Police Department.

2

he had a prior strike and a prior serious felony conviction. In exchange, defendant agreed to a sentence of 34 years eight months if the trial court granted his *Romero*[3] motion, or 35 years if the trial court did not grant his *Romero* motion. Defendant entered his plea that same day.

3. *Sentencing*

On February 2, 2018, the trial court granted defendant's *Romero* motion. On March 23, 2018, the trial court sentenced defendant to an aggregate term of 34 years eight months in prison. The sentence was composed of: four years for assault with a firearm (§ 245, subd. (a)(2)), 10 years for the gang enhancement (§ 186.22, subd. (b)(1)(C)), and 10 years for the firearm enhancement (§ 12022.5, subd. (a)); two years four months for attempted murder (§§ 664, subd. (a), 187) and three years four months for the gang enhancement (§ 186.22, subd. (b)(1)(C)); seven years concurrent for shooting at an inhabited dwelling (§ 246) and five years concurrent for the gang enhancement (§ 186.22, subd. (b)(1)(B)). The trial court also imposed a five-year sentence for defendant's prior serious felony conviction (§ 667, subd. (a)).

On April 16, 2018, the trial court denied defendant's *Marsden*[4] motion and his motion to withdraw his plea.

On May 16, 2018, defendant filed a notice of appeal and request for a certificate of probable cause claiming that "his plea was not free and voluntary." The trial court denied defendant's request for a certificate of probable cause.

## DISCUSSION

On appeal, defendant argues that we should reverse the judgment and remand the matter back to the trial court so that it may exercise its discretion to dismiss his firearm or prior serious felony conviction enhancements in light of the Legislature's recent enactment of Senate Bill Nos. 620 and 1393.

---

[3] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.
[4] *People v. Marsden* (1970) 2 Cal.3d 118.

3

1. *Senate Bill Nos. 620 and 1393*

Senate Bill No. 620, effective January 1, 2018, permits a trial court to exercise its discretion and strike firearm enhancements imposed under sections 12022.5 and 12022.53. (§§ 12022.5, subd. (c), 12022.53, subd. (h); Stats. 2017, ch. 682, §§ 1, 2.) The statues provide that "[t]he court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section. The authority provided by this subdivision applies to any resentencing that may occur pursuant to any other law." (§§ 12022.5, subd. (c), 12022.53, subd. (h).)

Senate Bill No. 1393, effective January 1, 2019, amended section 1385 to give trial courts the discretion to dismiss prior serious felony conviction enhancements imposed under section 667, subdivision (a). (Stats. 2018, ch. 1013, §§ 1, 2.)

2. *People v. Stamps*

The defendant in *Stamps* entered into a plea agreement for a specified term that included a prior serious felony enhancement under section 667, subdivision (a). (*Stamps, supra*, 9 Cal.5th at p. 692.) The defendant was sentenced in January 2018, filed a notice of appeal, and requested a certificate of probable cause, which the trial court denied. (*Id.* at p. 693.) On September 30, 2018, while the defendant's appeal was still pending, the governor approved Senate Bill No. 1393, allowing a trial court to dismiss a serious felony enhancement under section 1385. (*Stamps, supra*, at p. 693.) On appeal, the defendant argued that in light of Senate Bill No. 1393, his case should be remanded to the trial court so that it could exercise its newfound discretion under section 1385 to strike his prior serious felony enhancement. (*Stamps, supra*, at p. 692.) The People argued that the defendant's claim was not cognizable on appeal because he failed to obtain a certificate of probable cause. (*Ibid.*) The appellate court in *Stamps* remanded the matter back to the trial court after it concluded that the defendant did not need a certificate of probable to

raise his arguments and that Senate Bill No. 1393 retroactively applied to him. (*Stamps*, *supra*, at p. 692.)

The California Supreme Court agreed with the appellate court's conclusions that a certificate of probable cause was not required because the defendant was not urging that his plea was invalid when made. (*Stamps*, *supra*, 9 Cal.5th at pp. 694-698.) The " 'general rule in California is that plea agreements are deemed to incorporate the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy.' " (*Id*. at p. 695, quoting *Doe v. Harris* (2013) 57 Cal.4th 64, 71.) The *Stamps* defendant was seeking relief because of an ameliorative change in the law, which he believed was incorporated into his plea agreement. (*Stamps*, *supra*, at p. 697.) Moreover, the Supreme Court agreed with the appellate court's conclusion that Senate Bill No. 1393 was retroactive to judgments that were not yet final as of the date that the law became effective. (*Stamps*, *supra*, at p. 699; see *In re Estrada* (1965) 63 Cal.2d 740.)

The California Supreme Court, however, modified the appellate court's remand order. The Supreme Court noted that the *Stamps* defendant had entered into a negotiated plea agreement, and "long-standing law limits the court's unilateral authority to strike an enhancement yet maintain other provisions of the plea bargain." (*Stamps*, *supra*, 9 Cal.5th at p. 701; § 1192.5.) The Supreme Court concluded that "[i]n order to justify a remand for the court to consider striking [the defendant's] serious felony enhancement while maintaining the remainder of his bargain, defendant must establish not only that Senate Bill [No.] 1393 applies retroactively, but that, in enacting that provision, the Legislature intended to overturn long-standing law that a court cannot unilaterally modify an agreed-upon term by striking portions of it under section 1385." (*Stamps*, *supra*, at p. 701.) The Supreme Court did not believe that the Legislature intended such a result. (*Ibid*.)

In coming to this conclusion, the California Supreme Court distinguished *Harris v. Superior Court* (2016) 1 Cal.5th 984. In *Harris*, the defendant pleaded to felony grand theft and admitted a prior robbery conviction in exchange for a negotiated prison term. (*Id*. at pp. 987-988.) After the passage of Proposition 47, which reduced certain felonies, including grand theft, to misdemeanors, the defendant petitioned to have his theft conviction resentenced as a misdemeanor. (*Id*. at p. 988.) The People argued that the reduction violated the plea agreement and sought to withdraw from the bargain. The Supreme Court in *Harris* rejected the People's position, arguing that a plea agreement did not insulate the parties from changes in the law that the Legislature intended to apply to a plea agreement and that resentencing under Proposition 47 would prove meaningless if the People could respond to a successful petition by withdrawing from the agreement and reinstating charges. (*Harris*, *supra*, at pp. 991-992.)

In *Harris*, the language of Proposition 47 "evinced an intent that these offenses be treated as misdemeanors no matter how or when a defendant suffered the conviction." (*Stamps*, *supra*, 9 Cal.5th at p. 704.) In contrast, *Stamps* concluded that "[n]othing in the language and legislative history of Senate Bill [No.] 1393 suggests an intent to modify section 1192.5's mandate that 'the court may not proceed as to the plea other than as specified in the plea' without the consent of the parties." (*Ibid*.) "Unlike in *Harris*, the remedy defendant seeks, to allow the court to strike the serious felony enhancement but otherwise retain the plea bargain, would frustrate the Legislature's intent to have section 1385 apply uniformly, regardless of the type of enhancement at issue, by granting the court a power it would otherwise lack for any other enhancement." (*Ibid*.)

The *Stamps* court, however, determined that a limited remand was still appropriate. *Stamps* concluded that the defendant "should be given the opportunity to seek the court's exercise of its section 1385 discretion. If the court on remand declines to exercise its discretion under section 1385, that ends the matter and [the] defendant's sentence stands. [¶] However, if the court is inclined to exercise its discretion . . . such a

6

determination would have consequences to the plea agreement. . . . If the court indicates an inclination to exercise its discretion under section 1385, the prosecution may, of course, agree to modify the bargain to reflect the downward departure in the sentence such exercise would entail. Barring such a modification agreement, 'the prosecutor is entitled to the same remedy as the defendant—withdrawal of assent to the plea agreement . . . .' [Citation.] [¶] Further, the court may withdraw its prior approval of the plea agreement." (*Stamps*, *supra*, 9 Cal.5th at pp. 707-708.) In light of these potential consequences, *Stamps* emphasized that it was the defendant's choice whether to seek relief under Senate Bill No. 1393. (*Id*. at p. 708.)

3. *Analysis*

 a. **Retroactivity**

Defendant argues that he should be entitled to the ameliorative changes brought by Senate Bill Nos. 620 and 1393. We agree that both Senate Bill Nos. 620 and 1393 are retroactive to all cases not yet final as of the date they became effective. (*People v. Woods* (2018) 19 Cal.App.5th 1080, 1089-1091 [Senate Bill No. 620 retroactive to nonfinal judgments]; *Stamps*, *supra*, 9 Cal.5th at p. 699 [Senate Bill No. 1393 retroactive to nonfinal judgments]; see *In re Estrada*, *supra*, 63 Cal.2d 740.)

 b. **Necessity of a Certificate of Probable Cause**

Next, defendant argues that he does not need a certificate of probable cause to raise his appellate arguments, and we agree. In *Stamps*, the California Supreme Court determined that a defendant did not need a certificate of probable cause to argue that Senate Bill No. 1393 retroactively applied because the defendant was seeking relief from an ameliorative change in the law, which was incorporated into the plea agreement. (*Stamps*, *supra*, 9 Cal.5th at pp. 694-698.) Although *Stamps* solely addresses arguments pertaining to the retroactivity of Senate Bill No. 1393, we find that the same logic applies to arguments pertaining to Senate Bill No. 620. Like Senate Bill No. 1393, which gives trial courts the discretion to strike prior serious felony enhancements, Senate Bill No. 620

7

is an ameliorative change in the law that gives trial courts the discretion to strike firearm enhancements.

c. **Appropriate Remedy**

Here, defendant entered into a negotiated plea agreement which included prison terms for his firearm enhancements and his prior serious felony conviction. As stated in *Stamps*, it is not appropriate for us to merely remand the matter with directions to permit the trial court to exercise its discretion to strike the firearm enhancements and prior serious felony conviction enhancement while maintaining the rest of the plea agreement. (*Stamps*, *supra*, 9 Cal.5th at pp. 701-709.) There is no indication that the Legislature intended Senate Bill No. 1393 "to overturn long-standing law that a court cannot unilaterally modify an agreed-upon term by striking portions of it under section 1385." (*Stamps*, *supra*, at p. 701.) Likewise, we have found no indication that the Legislature intended Senate Bill No. 620 to overturn this long-standing principle.

Thus, a limited remand, as described in *Stamps*, is the appropriate remedy. (*Stamps*, *supra*, 9 Cal.5th at p. 701.) Defendant should be permitted to have the opportunity to seek the trial court's exercise of its new discretion. (*Id*. at p. 707.) If the trial court declines to exercise its discretion, defendant's sentence shall stand. (*Ibid*.) If the trial court is inclined to exercise its discretion, the prosecution can agree to modify the bargain, or the prosecution may withdraw from the plea. (*Ibid*.) The trial court may also withdraw its prior approval of the plea agreement. (*Id*. at p. 708.) We emphasize that it is defendant's choice whether he wishes to seek relief under either Senate Bill Nos. 620 or 1393.

## DISPOSITION

The judgment is reversed and remanded to allow defendant to seek relief under Senate Bill Nos. 620 and 1393 and for further proceedings consistent with *People v. Stamps* (2020) 9 Cal.5th 685.

_____
                          Premo, J.

WE CONCUR:

_____
     Greenwood, P.J.

_____
     Elia, J.

People v. Espana
H046062