Filed 12/10/20  P. v. Galindo CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SAMMUEL PAUL GALINDO,<br><br>    Defendant and Appellant. | A154509<br><br>(Mendocino County<br>Super. Ct. Nos. SCUK-CRPA-17-92745, SCUK-CRCR-17-92746) |

**MEMORANDUM OPINION**[1]

Defendant Sammuel Paul Galindo was charged in December 2017 with one count of mayhem (Pen. Code,[2] § 203; count one), and one count of criminal threats (§ 422; count two).  The complaint alleged two prior strikes (§§ 667, 1170.12), two prior serious felony convictions (§ 667, subd. (a)), and three prior prison term commitments (§ 667.5, subd. (b)).  The same day the complaint was filed, the Division of Adult Parole Operations filed a petition to revoke defendant's parole.

Defendant was subject to a 37-year maximum prison term based on the charges, but agreed to a negotiated plea of 19 years in state prison.  Pursuant

---

[1] We resolve this case by a memorandum opinion pursuant to the California Standards of Judicial Administration, section 8.1(1) & (2).

[2] All further statutory references are to the Penal Code.

to the plea, defendant pled no contest to mayhem and admitted one prior strike, two prior serious felony convictions, and one prior prison term commitment. The trial court also found defendant in violation of parole pursuant to his plea.

After he was sentenced, defendant appealed, arguing that his case must be remanded for resentencing under Senate Bill No. 1393 (2017–2018 Reg. Sess.) (Senate Bill 1393), which allows trial courts to decide whether to strike or dismiss prior serious felony convictions, a discretionary authority they lacked at the time defendant was sentenced. We concluded that although Senate Bill 1393 applied retroactively to defendant's case, his appeal must be dismissed because he failed to obtain a certificate of probable cause from the trial court.

Defendant filed a petition for review in the California Supreme Court. The Supreme Court granted the petition and deferred further action pending its decision in *People v. Stamps*, review granted June 12, 2019, S255843. *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*) held that a defendant does not need a certificate of probable cause to obtain a remand for the trial court to exercise its discretion under Senate Bill 1393. (*Stamps*, at p. 692.) *Stamps* reasoned that such an appellate claim "does not constitute an attack on the validity of [the] plea because the claim does not challenge [the] plea as defective when made." (*Id.* at p. 696.)

*Stamps* agreed with us, however, that a defendant is not entitled to have the trial court "exercise its discretion to strike [an] enhancement but otherwise maintain [a] plea bargain" for a specified term. (*Stamps*, *supra*, 9 Cal.5th at p. 692.) Rather, if a trial court exercises its discretion to strike an enhancement on remand, the prosecution is entitled to withdraw from the plea agreement, and the court is entitled to withdraw its approval of the

2

agreement. (*Id.* at pp. 707–708.) Recognizing that its holding might change the defendant's "calculus in seeking relief under Senate Bill 1393," the Supreme Court emphasized that "it is ultimately [a] defendant's choice" whether to ask a trial court to exercise its new discretion on remand. (*Id.* at p. 708.)

On October 14, 2020, the Supreme Court remanded defendant's case to us with directions to vacate our prior decision and reconsider the matter in light of *Stamps.* Defendant submitted supplemental briefing in which he argued that he is entitled to a limited remand, as set forth in *Stamps,* for the opportunity to seek relief under Senate Bill 1393. The Attorney General did not submit supplemental briefing, and we agree with defendant that he is entitled to a limited remand to seek the opportunity to have the trial court exercise its discretion.

Thus, we vacate our decision of May 22, 2019, and remand the matter to allow defendant to request relief under Senate Bill 1393. If defendant chooses not to request relief, or the trial court "declines to exercise its discretion under section 1385, that ends the matter . . . ." (*Stamps, supra,* 9 Cal.5th at p. 707.) But if the court is inclined to exercise its discretion in defendant's favor, the prosecution will be entitled to withdraw from the plea agreement, and the court will be entitled to withdraw its approval of the plea agreement. (*Id.* at pp. 707–708.)

In his supplemental briefing, defendant also argues he is entitled to have his one-year enhancement under section 667.5, subdivision (b) stricken. Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136) amended section 667.5, subdivision (b) to provide for a one-year prior prison term sentence enhancement only for sexually violent offenses, as defined in Welfare and Institutions Code section 6600,

3

subdivision (b). (Stats. 2019, ch. 590, § 1; *People v. Petri* (2020) 45 Cal.App.5th 82, 94.) Senate Bill 136 applies retroactively to defendant because his sentence was not final at the time the new law became effective on January 1, 2020. (*Petri*, at p. 94; *In re Estrada* (1965) 63 Cal.2d 740, 744–745.) As noted above, the Attorney General did not submit supplemental briefing and has not responded to defendant's argument. We agree with defendant that his one-year sentence under section 667.5, subdivision (b) must be stricken because the amendment ameliorates punishment and his case was not yet final when the legislation became effective.

While we conclude that the prior enhancement must be stricken, however, we do not agree with defendant's suggestion that the remainder of the plea bargain necessarily remains in place. Defendant urges us to follow *People v. Matthews* (2020) 47 Cal.App.5th 857 (*Matthews*), a case decided before *Stamps*. In *Matthews*, the court concluded Senate Bill 136 required that the defendant's prison priors be stricken, but determined the remainder of the plea bargain should remain intact. (*Matthews*, at p. 869.) In reaching this conclusion, the *Matthews* court relied on *Harris v. Superior Court* (2016) 1 Cal.5th 984 (*Harris*), which held the prosecution was not entitled to set aside a plea agreement when a defendant sought to have his sentence recalled pursuant to Proposition 47. (*Matthews*, at p. 868.) The *Matthews* court explained the primary purpose of Senate Bill 136, similar to the purpose of Proposition 47, is to reduce prison sentences, save taxpayers millions of dollars, keep families together, redirect funds to evidence-based rehabilitation and reintegration programs, and move away from failed mass incarceration policies. (*Matthews*, at pp. 868–869.) The court reasoned those "benefits would not be fully realized if the trial courts and the People could abandon a plea agreement whenever a defendant seeks retroactively to

4

obtain elimination of an enhancement invalidated by Senate Bill No. 136."
(*Id.* at p. 869.)

As we have noted, however, *Matthews* was decided before *Stamps,* and did not have the benefit of its reasoning. Under *Stamps,* the critical inquiry in determining whether a defendant can strike an enhancement while maintaining the remainder of his plea bargain is whether "the Legislature intended to overturn long-standing law that a court cannot unilaterally modify an agreed-upon term by striking portions of it under [the new law]." (*Stamps, supra,* 9 Cal.5th at p. 701; *People v. Hernandez* (2020) 55 Cal.App.5th 942, 957 (*Hernandez*).) Unlike Proposition 47 in *Harris,* where such intent was manifest in the language of the statute (*Stamps,* at p. 704), there is no evidence that the Legislature, in enacting Senate Bill 136, intended " 'to change well-settled law that a court lacks discretion to modify a plea agreement unless the parties agree to the modification.' " (*Hernandez,* at p. 957, quoting *Stamps,* at p. 702; see *People v. Griffin* (Nov. 30, 2020, A159104) __ Cal.App.5th __ [2020 Cal.App. Lexis 1138, *5–*12].)

Defendant contends *Stamps* is distinguishable because "[t]here is a significant difference . . . between Senate Bill No. 1393, which only gives courts discretion to strike a serious felony prior, and Senate Bill No. 136, which now *prohibits* imposition of a sentence based on a prior prison term for a non-sex offense related prior conviction." The Fifth Appellate District recently rejected the same argument in *Hernandez,* noting that difference "is not the dispositive issue in this case." (*Hernandez, supra,* 55 Cal.App.5th at p. 957.) Rather, "[t]he scope of the trial court's authority on remand . . . depends on whether the Legislature intended for Senate Bill 136's amendments to section 667.5, subdivision (b) to allow the trial court to unilaterally modify the plea agreement once the prior prison term

enhancements are stricken." (*Id.* at p. 957.) And here, as in *Stamps*, there is nothing to indicate the Legislature intended Senate Bill 136 to effect such a change. (*Hernandez*, at pp. 957–958.) Thus, while Senate Bill 136, unlike Senate Bill 1393, *requires* the court to strike the one-year enhancement under section 667.5, subdivision (b), it does *not* require the prosecutor and trial court to leave the remainder of the plea agreement intact.[3]

Accordingly, on remand the trial court must strike the prior prison term enhancement under section 667.5, subdivision (b). The prosecution may then determine whether it will "agree to modify the bargain to reflect the downward departure in the sentence," or withdraw from the plea agreement. (*Stamps, supra,* 9 Cal.5th at p. 707.) The trial court likewise may withdraw its prior approval of the plea agreement. (*Id.* at p. 708.)

In sum, we remand this matter to the trial court with instructions to strike the prior prison enhancement under section 667.5, subdivision (b) and allow the prosecution to either accept the reduced sentence or withdraw from the plea agreement, or allow the trial court to withdraw its approval, if it chooses to do so. Defendant is also afforded the opportunity to seek relief under Senate Bill 1393, and if the trial court is inclined to exercise its discretion to strike the section 667, subdivision (a) enhancements, the prosecution may accept a reduced sentence or withdraw from the plea agreement, or the trial court may withdraw its approval.

---

[3] We note the recently published case from Division Five of this court, *People v. Griffin*, *supra*, __ Cal.App.5th __ [2020 Cal.App. Lexis 1138, *2, *13–*19], disagreed with *Hernandez, supra,* 55 Cal.App.5th 942, 947, 959, about the trial court's authority to impose a longer sentence than provided in the original plea agreement if the parties enter a new plea agreement on remand. Because we do not know whether the parties will enter a new plea agreement, and no party has raised or briefed that issue in this case, we will not address it.

MARGULIES, J.

WE CONCUR:

HUMES, P. J.

BANKE, J.

A154509
*People v. Galindo*