Filed 3/29/21  P. v. Riley CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>BRIAN DOUGLAS RILEY,<br><br>Defendant and Appellant. | F078940<br><br>(Super. Ct. No. F17904054)<br><br><br>**OPINION** |

**THE COURT**<sup>*</sup>

APPEAL from an order of the Superior Court of Fresno County.  Jonathan B. Conklin, Judge.

Martin Baker, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Timothy A. O'Hair, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

<sup>*</sup>      Before Hill, P.J., Smith, J. and DeSantos, J.

In 2017, defendant Brian Douglas Riley pled no contest to two counts of felony unauthorized use of personal identifying information of another person and admitted he was on bail on two other matters at the time of the offenses. In 2018, he filed a petition pursuant to Proposition 47 for resentencing and reduction of his convictions to misdemeanors. The trial court denied defendant's petition. On appeal, he contends the trial court erred in concluding that identity theft was not a "theft-related offense" subject to reduction pursuant to Proposition 47. We affirm.

## PROCEDURAL SUMMARY

On July 14, 2017, the Fresno County District Attorney charged defendant with two counts of felony unauthorized use of personal identifying information of another person[1] (Pen. Code, § 530.5, subd. (a);[2] counts 1 & 2) and one count of misdemeanor possession of the personal identifying information of another person (§ 530.5, subd. (c)(1); count 3). The information further alleged that defendant had served a prior prison term (§ 667.5, subd. (b)) and was released from custody on bail on two different matters at the time of the offenses.

On December 14, 2017, defendant pled no contest on counts 1 and 2, and admitted he was released from custody on bail on two different matters during the commission of the offenses.[3] In exchange, the prosecutor agreed to a split sentence of seven years eight months—three years 10 months in custody and three years 10 months on mandatory supervision. On January 19, 2018, the trial court imposed the indicated sentence.

---

[1] Unauthorized use of personal information is sometimes referred to as " 'identity theft,' [but] section 530.5, subdivision (a) makes no mention of theft." (*People v. Jimenez* (2020) 9 Cal.5th 53, 63 (*Jimenez*).)

[2] All further statutory references are to the Penal Code.

[3] Defendant's plea agreement resolved this matter and four other criminal cases against defendant in Fresno County Superior Court case Nos. F17903833, F17904252, F17903505, and F17905223.

On November 8, 2018, defendant filed a petition for resentencing pursuant to Proposition 47. On January 28, 2019, the trial court denied defendant's motion, concluding unauthorized use of identity "is not … [a] theft-related offense."

Defendant filed a notice of appeal on March 6, 2019.

## FACTUAL SUMMARY[4]

On July 10, 2017, at around 7:30 a.m., D.S. reported to the Clovis Police Department that his wallet, containing several credit cards, was taken from a company vehicle assigned to him and parked in front of his home. Purchases at two stores were made using D.S.'s credit cards earlier that morning. Defendant and a woman were recorded by a video camera as they used the stolen credit cards to make a purchase of $38.11 at a first convenience store and a purchase of $5.06 at a second convenience store.

On July 12, 2017, a Clovis police officer apprehended defendant at a nearby fast food restaurant. Defendant possessed two credit cards bearing the victim's name. Defendant acknowledged using the cards to make two transactions on July 10, 2017, but denied knowing the credit cards were stolen. He told the officer that a friend had given him the credit cards.

## DISCUSSION

"On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act …." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*Id*. at p. 1091.) For instance, Proposition 47 added "section 490.2, which provides that 'obtaining any property by theft' is petty theft and is

---

[4] Defendant admitted the factual basis for his plea pursuant to *People v. West* (1970) 3 Cal.3d 595. The factual summary for the underlying offense is therefore drawn from summaries of the police reports.

to be punished as a misdemeanor if the value of the property taken is $950 or less." (*People v. Page* (2017) 3 Cal.5th 1175, 1179.)  This statute also precludes acts that can be charged as shoplifting from being charged as burglary or theft of the same property. (§ 459.5, subd. (b).)

Proposition 47 also added section 1170.18, which provided a mechanism for convicted felons to petition for reduction of those felony convictions that would now be punished as misdemeanors pursuant to Proposition 47.  (§ 1170.18, subds. (a) & (f); *Harris v. Superior Court* (2016) 1 Cal.5th 984, 989.)  A defendant seeking resentencing under section 1170.18 bears the burden of demonstrating that his underlying offense fell within that statutory scheme.  (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879.)

Here, defendant contends the trial court erred when it concluded that unauthorized use of identifying information is not a "theft-offense" that could be reduced to shoplifting (§ 459.5, subd. (b)) pursuant to section 1170.18.  He argues that because he "entered a commercial establishment during business hours and used stolen credit cards to commit theft by false pretenses of goods worth less than $950, he should have been convicted only of misdemeanor shoplifting."  The People disagree, as do we.

Our Supreme Court has determinatively resolved the question before us.  In *Jimenez*, *supra*, 9 Cal.5th at page 58, the court concluded, "the public offense defined in section 530.5, subdivision (a)"—"sometimes colloquially described as 'identity theft' "— does not qualify as "a 'theft' offense under section 459.5, subdivision (b)." (*Jimenez*, at pp. 58–59; accord, *id*. at pp. 70–71.)  "Section 530.5 criminalizes the willful *use* of someone's personal identifying information for an unlawful purpose, not an unlawful *taking*.  It is not a theft offense because criminal liability pivots on how the information was used rather than how it was acquired.  The offense therefore evinces a concern with the panoply of harms occurring when personal information is no longer personal.  [¶]  A conviction for misuse of identifying information is [therefore] not subject to

4.

reclassification as misdemeanor shoplifting" pursuant to section 1170.18. (*Jimenez*, at p. 59; accord, *id*. at p. 71.)

We must therefore affirm the trial court's denial of defendant's section 1170.18 petition to reduce his section 530.5, subdivision (a) convictions.

## **DISPOSITION**

The order is affirmed.

5.