Filed 2/15/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B313121 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA071773) |
| v. | |
| AUSTIN ROBERT BUTLER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Shannon Knight, Judge.  Reversed and remanded with directions.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Paul M. Roadarmel, Jr. and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

———————————————

Austin Robert Butler pleaded no contest to unlawful possession of ammunition and admitted to prior prison terms in exchange for five years' probation. After Butler violated his probation terms, the trial court revoked probation in February 2020.

Butler's sole claim on appeal is that the trial court lacked jurisdiction to revoke his probation under Assembly Bill No. 1950 (2019–2020 Reg. Sess.) because it applies retroactively. (Stats. 2020, ch. 328, § 2.) He argues that we should reverse, remand, and instruct the trial court to reinstate and then terminate his probation because he already served the maximum probation term allowed under Assembly Bill No. 1950.

The People concede that the trial court lacked jurisdiction to revoke Butler's probation and agree that we should remand. But they argue that on remand we should permit the People and trial court the opportunity to withdraw approval of the negotiated plea agreement.

We reject this contention. We agree with the reasoning in *People v. Stewart* (2021) 62 Cal.App.5th 1065, review granted June 30, 2021, S268787 (*Stewart*). *Stewart* examined the issue presented here, followed the reasoning of our Supreme Court in *Doe v. Harris* (2013) 57 Cal.4th 64, and held that in the context of Assembly Bill No. 1950, entering into a negotiated plea agreement does not insulate the parties from mandatory changes in the law that the legislature intended to apply to them.

We reverse and remand for the trial court to modify the term of probation to conform with Assembly Bill No. 1950 and terminate its revocation of probation and Butler's related prison sentence.

# BACKGROUND

While Butler was on probation, deputies in the Los Angeles County Sheriff's Department went to his residence to arrest him pursuant to a no bail arrest warrant for absconding. There, they found 88 rounds of .22-caliber ammunition and 50 rounds of .38-caliber ammunition. Subsequently, Butler was charged in a felony complaint with unlawful possession of ammunition and having two prior prison terms. The information charged the same.

On November 6, 2017, Butler pleaded no contest to the charge of unlawfully possessing the ammunition (Pen. Code, § 30305, subd. (a)(1)),[1] and admitted to having two prior prison terms within the meaning of section 667.5, subdivision (b). Butler agreed to a five-year state prison sentence, consisting of the "upper term" of three years as to the ammunition charge, plus two consecutive one-year prison priors, with the prison sentence suspended and Butler placed on five years of felony probation.

The trial court sentenced Butler in accordance with the plea agreement. Butler violated the terms and conditions of his probation on several occasions. Consequently, the trial court summarily revoked Butler's probation on February 6, 2020.

On January 1, 2021, Assembly Bill No. 1950 took effect and reduced the maximum probationary term for most felony offenses to two years. (Stats. 2020, ch. 328, § 2; § 1203.1, subds. (a), (m).)

---

[1] Undesignated statutory references are to the Penal Code.

On April 30, 2021, Butler admitted to violating probation. But he claimed that under Assembly Bill No. 1950 the trial court had lost jurisdiction to revoke his probation because he had already served the maximum felony probation term of two years. He was placed on probation on November 6, 2017. The trial court disagreed with Butler on the jurisdictional issue and held that because it revoked Butler's probation before the January 1, 2021 effective date of Assembly Bill No. 1950, it still had jurisdiction.

After finding it had jurisdiction, the trial court sentenced Butler to a three-year prison term. It recognized that the law had changed since the original five-year prison sentence, rendering two of the five years' sentence invalid because they were one-year prison enhancements under section 667.5 subdivision (b). The trial court therefore subtracted the two invalid years. The court awarded Butler custody and conduct credits, sentencing him to 320 days after application of credits.

Butler timely filed a notice of appeal and the trial court granted him a certificate of probable cause allowing him to appeal the jurisdictional ruling.

## DISCUSSION

### I. The Trial Court Lost Jurisdiction to Revoke Butler's Probation Pursuant to Assembly Bill No. 1950

At the time of Butler's sentencing in 2017, felony probation could be imposed for a maximum of five years or the length of the underlying prison term, whichever was shorter. (Former § 1203.1, subd. (a).) The trial court thus had the authority at sentencing to impose the initial five-year probation term.

Assembly Bill No. 1950 amended section 1203.1, subdivision (a), which now states in relevant part: "The court, or judge thereof, in the order granting probation, may suspend the

4

imposing or the execution of the sentence and may direct that the suspension may continue for a period of time not exceeding two years, and upon those terms and conditions as it shall determine." (§ 1203.1, subd. (a).) There is an exception to the new two-year limitation for certain felonies, but the parties agree it does not apply here. (See § 1203.1, subd. (m).)

Butler contends that Assembly Bill No. 1950 applies retroactively to his probationary term. The People do not contest that Assembly Bill No. 1950 applies retroactively to cases not yet final on appeal, and they agree that the trial court had lost jurisdiction to revoke probation when it sentenced Butler to 320 days in prison.

We agree with the parties. Every court of appeal to address this issue is in accord as to the retroactive application of Assembly Bill No. 1950 to cases not yet final, and we agree with their conclusions and reasoning and need not recite them here. (E.g., *People v. Greeley* (2021) 70 Cal.App.5th 609, 627; *People v. Czirban* (2021) 67 Cal.App.5th 1073, 1095; *People v. Schulz* (2021) 66 Cal.App.5th 887, 895; *People v. Gonsalves* (2021) 66 Cal.App.5th 1, 12; *People v. Lord* (2021) 64 Cal.App.5th 241, 245–246; *People v. Sims* (2021) 59 Cal.App.5th 943, 955–964 (*Sims*); *People v. Quinn* (2021) 59 Cal.App.5th 874, 879–885 (*Quinn*).)

Accordingly, Assembly Bill No. 1950 applies retroactively to Butler, and the trial court lacked jurisdiction to revoke his probationary term.

**II. The People May Not Renegotiate the Plea on Remand**

Butler and the People agree that we should remand, but disagree as to what should be permitted on remand. Butler asks this court to reverse the revocation of his probation in accord with Assembly Bill No. 1950, and then to order the trial court to reinstate and then terminate his probation because he already served more than the maximum probation term allowed. The People argue that the trial court and the People should be afforded the opportunity to accede to the modified term of probation or to withdraw approval for the negotiated plea agreement. We agree with Butler.

The People rely on our Supreme Court's decision in *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*). In *Stamps*, the court held that Senate Bill No. 1393, amending section 667, subdivision (a) to give trial courts the discretion to strike a five-year prior serious felony conviction enhancement, applied to the defendant's case retroactively. (*Stamps, supra,* at p. 698.) As to the remedy, the court rejected the defendant's argument that it should remand to the trial court to consider whether to exercise its new discretion to strike the serious felony conviction, while leaving the remainder of the plea agreement intact. (*Id.* at p. 700.) *Stamps* held that the because of Senate Bill No. 1393, the trial court could now exercise its discretion to dismiss a prior serious felony enhancement, but the prosecution could also withdraw from the plea agreement. (*Stamps, supra,* at pp. 707–708.)

6

The *Stamps*'s decision was based upon several factors tied to the law at issue there: section 1385 and its retroactive application to section 667, subdivision (a). The court reasoned that in the context of discretionary enhancements under new section 1385, the law did not authorize a trial court to exercise its discretion to strike in contravention of a plea bargain for a specified term while leaving the remainder of the plea intact. (*Stamps, supra*, 9 Cal.5th at p. 700.) It noted that "long-standing law limits the court's unilateral authority to strike an enhancement yet maintain other provisions of the plea bargain." (*Id.* at p. 701.) It examined the legislative history of section 1385 and found that "the Legislature gave a court the same discretion to strike a serious felony enhancement that it retains to strike any other sentence enhancing provision. Its action did not operate to change well-settled law that a court lacks discretion to modify a plea agreement unless the parties agree to the modification." (*Stamps, supra,* at p. 702.)

The court in *Stamps* distinguished its prior decision in *Harris v. Superior Court* (2016) 1 Cal.5th 984. *Harris v. Superior Court* held that a change in the law (Proposition 47), which applied retroactively, did *not* permit the People to withdraw from the plea agreement on remand. (*Harris v. Superior Court, supra,* at pp. 990–993.) As described by the court in *Stamps*, *Harris v. Superior Court* relied upon the principle that entering into a plea agreement does not insulate the parties from a law that the legislature has intended to apply to them. (*Stamps, supra,* 9 Cal.5th at pp. 702–708.) The court in *Stamps* distinguished its differing result from *Harris v. Superior Court* on two grounds. First, that Proposition 47, at issue in *Harris v. Superior Court*, explicitly applied to those serving sentences by plea, whereas

7

Senate Bill No. 1393 did not.  (*Stamps, supra*, 9 Cal.5th at p. 704.)  Second, that because Proposition 47 reduced the crimes at issue to misdemeanors, to allow the prosecution to "withdraw from a plea agreement and reinstate dismissed charges would frustrate electoral intent."  (*Stamps, supra,* at p. 704.)

In *Stewart, supra,* 62 Cal.App.5th 1065, the First District, Division Two distinguished *Stamps* and rejected the People's argument that they and the trial court should be given the opportunity on remand to either agree to the new probation term under Assembly Bill No. 1950 or to withdraw from the plea agreement.  (*Stewart, supra,* at pp. 1077–1078.)  We agree with the reasoning in *Stewart* and follow it here.

*Stewart* held that where a defendant pleaded no contest as part of a negotiated plea and was sentenced to three years' probation, the trial court could unilaterally modify the plea bargain and reduce the term to two years probation, and the prosecution was not entitled to renegotiate the plea.  (*Stewart, supra*, 62 Cal.App.5th at pp. 1077–1078.)  To arrive at this conclusion, the First District, Division Two followed the reasoning in *People v. France* (2020) 58 Cal.App.5th 714, review granted February 24, 2021, S266771 (*France*), which distinguished *Stamps* as it applied to a different retroactive law (Senate Bill No. 136, concerning one-year prison term enhancements under section 667.5, subdivision (b)).  Notably, these are the same enhancements that the trial court struck here—unilaterally and without the People modifying the plea

8

bargain—when it revoked probation and sentenced Butler to three years in state prison.[2]

As the *Stewart* court aptly reasoned regarding the difference between a discretionary modification allowed by section 1385 in *Stamps* and the modification mandated by Senate Bill No. 136 as it applied to the enhancements in 667.5, subdivision (b):

"As the majority [in *France*] explained, *Stamps* addressed a situation in which the new law gave the trial court discretion to strike an enhancement but did not require it to do so, thus placing directly in the trial court's hands the decision whether to alter a term of the plea bargain. *Stamps* therefore had no occasion to consider the effect on a plea bargain of retroactive application of a law through which the Legislature directly affected a plea bargain by rendering one of its terms invalid. Where the ameliorative change in law is mandatory, the question is not whether the Legislature intended to allow the trial court to alter the terms of a plea bargain but whether the Legislature intended to, in effect, do so directly. As stated in *Doe v. Harris* [*supra,* 57 Cal.4th at page 70], 'the Legislature, for the public good and in furtherance of public policy, and subject to the limitations imposed by the federal and state Constitutions, has the authority to modify or invalidate the terms of an agreement.' '[T]he general rule in California is that the plea agreement will be " 'deemed to incorporate and contemplate not only the existing

---

[2]    Notably, here the trial court struck the two, one-year prison term enhancements under section 667.5, subdivision (b) after the plea but kept the sentence for the ammunition charge intact. There is no indication in the record that the People tried to modify the plea agreement at that time.

law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy . . . .' " [Citation.].)  That the parties enter into a plea agreement thus does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them.' [Citation.]" (*Stewart, supra,* 62 Cal.App.5th at p. 1077.)

In sum, *Stewart* and *France* both recognized that *Stamps* was only concerned with a discretionary law and thus had no reason to consider the difference between discretionary laws and laws that directly invalidate the term of a plea bargain, like our Supreme Court was concerned with in *Harris v. Superior Court.* (*Harris v. Superior Court, supra,* 57 Cal.4th at p. 1077.)  And because our Supreme Court has held that plea bargains generally incorporate the Legislature's authority to change the law, the distinction between remanding for considering a discretionary change in the law and a mandatory one is critical.  (*Stewart, supra,* 62 Cal.App.5th at p. 1078, citing *France, supra,* 58 Cal.App.5th at p. 729, fn. 6.)

*France* and *Stewart* also appropriately distinguished *People v. Hernandez,* (Oct. 14, 2020, BF177632A) [nonpub. opn], review granted January 27, 2021, S265739 (*Hernandez*), and transferred back to the Court of Appeal on December 22, 2021,[3] to the extent

---

[3]     After the parties completed briefing in this appeal, the California Supreme Court transferred *Hernandez* back to the Court of Appeal, Fifth Appellate District, "with directions to vacate its decision and reconsider the cause in light of Senate Bill No. 483 (Stats. 2021, ch. 728)." (*People v. Hernandez* (Dec. 22, 2021, S265739) [nonpub. opn].)  In doing so, it stated that the "Court of Appeal's opinion has no binding or precedential effect, and may be cited for potentially persuasive value only." (*Ibid.*)

it reads *Stamps* overbroadly as requiring *express* legislative intent to apply to a previously bargained plea.  (*France, supra*, 58 Cal.App.5th at pp. 727–728.)  As the court in *Stewart*, relying on *France*, reasoned in the context of Assembly Bill No. 1950 and its interaction with our Supreme Court's seminal opinion in *In re Estrada* (1965) 63 Cal.2d 740:

"[R]equiring an express reference to plea bargaining in a statute or its legislative history 'would mean that any retroactive ameliorative change in a criminal law that does not contain such an express reference would entitle the prosecution to reopen the plea bargain to add back previously dismissed charges or allegations.  But . . . the *Estrada* presumption of retroactivity arises only when an ameliorative amendment lacks an express retroactivity provision.  [Citation.]  In essence, then, [requiring an express reference to plea bargains] would create a rule that defendants who plead guilty may benefit from the retroactive operation of any law whose retroactivity depends on the *Estrada* presumption only if the prosecution assents.  Such an approach would drastically undermine the *Estrada* principle that the Legislature intends a lighter penalty to apply "to every case to which it constitutionally could apply" [citation], particularly as defendants who plead guilty represent the vast majority of convictions [citation]).  We see no indication in *Stamps* that the Supreme Court intended such a result.' [Citation.]" (*Stewart, supra*, 62 Cal.App.5th at p. 1079.)

---

We therefore address *Hernandez* because it was cited in the parties' briefing, but only for its potentially persuasive value.

11

We agree with *Stewart* that *Hernandez* misreads *Stamps* in requiring an explicit statement of application to plea agreements.

In addition, two Supreme Court cases are particularly instructive here and support the outcome in *Stewart*.  First, in *Doe v. Harris*, the court instructed that "the Legislature, for the public good and in furtherance of public policy, and subject to the limitations imposed by the federal and state Constitutions, has the authority to modify or invalidate the terms of a[] [plea] agreement." (*Doe v. Harris, supra*, 57 Cal.4th at p. 70.)  The court then applied *Doe v. Harris* in *Harris v. Superior Court*, and held that "the People are not entitled to set aside the plea agreement when defendant seeks to have his sentence recalled under Proposition 47." (*Harris v. Superior Court, supra,* 1 Cal.5th at p. 993.)

Moreover, to allow the prosecution to withdraw from the plea agreement in this matter would frustrate legislative intent. (See *Stamps, supra*, 9 Cal.5th at p. 704.)  *Stewart, Sims,* and *Quinn* carefully consider the legislative history of Assembly Bill No. 1950, so we need not do so here.  But it is worth noting *Stewart*'s conclusion that "allowing the prosecution to withdraw from plea deals involving probation terms of more than two years would undermine the Legislature's intent to reduce the number of probationers subject to conditions of probation and risk of incarceration for periods the Legislature deemed unnecessary and deleterious." (*Stewart, supra*, 62 Cal.App.5th at p. 1078; see *Sims*, *supra*, 59 Cal.App.5th at pp. 961–962 [detailing legislative intent behind Assembly Bill No. 1950].)  As *Stewart* explained, the "legislative analyses of Assembly Bill [No.] 1950 reflect concern with . . . probation as ' "a pipeline for re-entry into the carceral system" ' due to the large number of people

incarcerated for violations of probation . . . .” (*Stewart*, *supra*, 62 Cal.App.5th at p. 1073, citing Assem. Floor Analysis, 3d reading of Assem. Bill No. 1950 (2019–2020 Reg. Sess.) as amended May 21, 2020, p. 1.)

Butler has already served more than the maximum term of probation allowed because he served two years and three months of probation.  (See  § 1203.1, subd. (a).)  Accordingly, if the People were to renegotiate his plea on remand, with the only option being prison time, this would frustrate the intent of the Legislature to reduce incarceration for people subject to probation.  (See *Stewart*, *supra*, 62 Cal.App.5th at p. 1078; *Sims*, *supra*, 59 Cal.App.5th at pp. 961–962.)

Moreover, more prison time is not even available here. When the trial court revoked probation, it struck the two, one-year enhancements for the prior prison terms—without the People re-negotiating the plea agreement as to the remaining ammunition charge—and all that remained were the 320 days for the ammunition conviction, based on the upper term of three years for a conviction under section 30305, subdivision (a)(1) and credit for time served and good behavior.  Not only has the maximum prison sentence of three years already been imposed, but it is about to expire.  It is unclear what more the People would be able to renegotiate on remand.

For these reasons, we reject the People’s argument that on remand the plea agreement may be renegotiated.

**DISPOSITION**

The matter is remanded to the trial court for resentencing with directions to modify Butler's term of probation to two years in accordance with section 1203.1, subdivision (a) as amended by Assembly Bill No. 1950, and then to set aside the prison sentence, reinstate and terminate probation.

**CERTIFIED FOR PUBLICATION**


HARUTUNIAN, J.\*


We concur:


GRIMES, Acting P. J.


WILEY, J.

---

\*     Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.