Filed 11/10/16

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| MORRIS GLEN HARRIS, JR., | ) | |
| | ) | S231489 |
| Petitioner, | ) | |
| | ) | Ct.App. 2/5 B264839 |
| v. | ) | |
| | ) | |
| THE SUPERIOR COURT OF LOS | ) | |
| ANGELES COUNTY, | ) | (Los Angeles County |
| | ) | Super. Ct. No. BA408368) |
| Respondent; | ) | |
| | ) | |
| THE PEOPLE, | ) | |
| | ) | |
| Real Party in Interest. | ) | |
| _____ | ) | |

Charged with robbery, petitioner Morris Glen Harris, Jr. (hereafter defendant), pleaded guilty pursuant to a plea agreement to grand theft from the person, a felony, and admitted a prior robbery conviction, on condition that he receive a six-year prison sentence. In return, the People dismissed the robbery charge and allegations of other felony convictions. The court imposed the six-year sentence. Later, the electorate enacted Proposition 47, which reduced the grand theft offense to a misdemeanor. Under Proposition 47's provisions, defendant petitioned the court to have his sentence recalled and to be resentenced as a misdemeanant. In response, the People argued that reducing the sentence would deprive them of the benefit of their plea bargain, and thus they should be permitted

to rescind the plea and reinstate the original robbery charge. The trial court agreed with the People, as did a divided Court of Appeal.

We must decide whether the People are entitled to have the plea agreement set aside if defendant seeks to have his sentence recalled under Proposition 47. We conclude that they are not entitled to have the plea agreement set aside. Accordingly, we reverse the judgment of the Court of Appeal.

## I. FACTS AND PROCEDURAL HISTORY

The Court of Appeal opinion summarized the evidence presented at the preliminary hearing: "On February 11, 2013, Francisco Pascual Diego was walking down the street when a person he later identified as defendant approached him from behind, hit him on the face, and took his cell phone. Diego chased defendant and flagged down two police officers. Diego pointed out defendant, who was running down the street, and told the officers that defendant had stolen his cell phone. There was no one else running down the street. The officers chased defendant and detained him. Diego's cell phone was found on the ground about one foot away from defendant's left foot."

The prosecution charged defendant with one count of robbery. The information also alleged that defendant had six prior felony convictions, one of them for robbery. On April 17, 2013, the parties reached a plea agreement. Defendant agreed to plead guilty to grand theft from the person under Penal Code section 487, subdivision (c), to admit the prior robbery conviction, and to be sentenced to prison for six years. As part of the plea agreement, the People dismissed the robbery charge and the other allegations. The court sentenced defendant to state prison for six years pursuant to the agreement.

In November 2014, the electorate enacted Proposition 47. Except for specified ineligible persons, Proposition 47 reduced certain nonviolent crimes, including the grand theft from the person conviction in this case, from felonies to

2

misdemeanors.  (See *People v. Morales* (2016) 63 Cal.4th 399, 404.)  Defendant filed a petition in the trial court for a recall of sentence, asking the court to reclassify the grand theft conviction as a misdemeanor and resentence him as a misdemeanant.  The People moved to withdraw from the plea agreement and to reinstate the dismissed robbery charge and allegations of prior felony convictions on the basis that the resentencing would deprive them of the benefit of their bargain.  After a hearing, the court issued an order granting both defendant's petition for recall of sentence and the People's motion to withdraw from the plea agreement and reinstate the dismissed charges.

Defendant filed a petition for writ of mandate challenging the order granting the People's motion to withdraw the plea agreement.  After the Court of Appeal summarily denied the petition, this court granted review and transferred the matter to the Court of Appeal with directions to issue an order to show cause.  That court did so and ultimately issued an opinion denying the petition.

Relying on *People v. Collins* (1978) 21 Cal.3d 208 (*Collins*), the majority concluded that, because a six-year prison sentence was a material part of the plea agreement, permitting defendant to seek recall of sentence under Proposition 47 as well as receive the benefit of the plea agreement would result in "a windfall to defendant that neither party contemplated at the time they entered their plea agreement."  It held that, at his option, defendant could either choose to abide by the plea agreement by not petitioning for resentencing under Proposition 47, or "effectively repudiate[] the plea agreement" by petitioning for resentencing.  If defendant chooses the latter, "the plea agreement is deemed to be rescinded, and the parties are returned to the status quo ante."

Justice Mosk dissented.  He agreed with defendant that "when a defendant pleads guilty to a lesser felony charge pursuant to a plea bargain, and that charge is later reduced to a misdemeanor pursuant to Proposition 47, the trial court cannot

3

rescind the plea, recall the sentence, and reinstate the original charge or charges."
Citing *Doe v. Harris* (2013) 57 Cal.4th 64, he argued that the parties to a plea
agreement are generally deemed to know and understand that later changes in the
law may affect the consequences of the original plea agreement. "Thus, a plea
agreement is not breached or revocable just because a change in the law
disadvantages one party or the other."

We granted defendant's petition for review.

## II. DISCUSSION

In addition to reducing certain felonies to misdemeanors, including the
grand theft conviction of this case, Proposition 47 added section 1170.18 to the
Penal Code (section 1170.18). That section permits a "person currently serving a
sentence for a conviction, whether by trial or plea, of a felony or felonies who
would have been guilty of a misdemeanor under the act that added this section
('this act') had this act been in effect at the time of the offense" to petition the trial
court that entered the earlier judgment of conviction for a recall of the sentence
and to be resentenced as a misdemeanant. (§ 1170.18, subd. (a).)

The parties agree that section 1170.18 applies to defendant, and that he may
petition to have the conviction reduced to a misdemeanor and to be resentenced as
a misdemeanant under Proposition 47. The question before us is whether, if that
occurs, the People should be permitted to withdraw from the plea agreement. The
majority below cited *Collins*, *supra*, 21 Cal.3d 208, in concluding the People may
withdraw from the plea agreement. In arguing to the contrary, Justice Mosk cited
*Doe v. Harris*, *supra*, 57 Cal.4th 64.

In *Collins*, *supra*, 21 Cal.3d 208, the defendant was charged with 15
felonies, including burglary, attempted burglary, forcible rape, assault with intent
to commit rape, and forcible oral copulation. "Pursuant to a plea bargain,
defendant entered a plea of guilty to one count of oral copulation; in return, the

4

allegations of commission of that crime by means of force and of a prior felony conviction were stricken, and the other 14 counts were dismissed." (*Id.* at p. 211.) After the plea, the Legislature decriminalized nonforcible oral copulation, the crime to which the defendant had pleaded guilty. Nevertheless, the trial court sentenced him to state prison. On appeal, because the conduct to which the defendant pleaded guilty was no longer criminal, this court reversed the conviction. (*Id.* at pp. 212-214.) As we summarized, "A conviction cannot stand on appeal when it rests upon conduct that is no longer sanctioned." (*Id.* at p. 214.)

We then considered the effect of the reversal on the dismissed counts. We stated the issue as being "whether the prosecution has been deprived of the benefit of its bargain by the relief granted herein. We conclude that it has and hence the dismissed counts may be restored. [¶] The state, in entering a plea bargain, generally contemplates a certain ultimate result; integral to its bargain is the defendant's vulnerability to a term of punishment . . . . When a defendant gains total relief from his vulnerability to sentence, the state is substantially deprived of the benefits for which it agreed to enter the bargain. Whether the defendant formally seeks to withdraw his guilty plea or not is immaterial; it is his escape from vulnerability to sentence that fundamentally alters the character of the bargain.

"Defendant seeks to gain relief from the sentence imposed but otherwise leave the plea bargain intact. This is bounty in excess of that to which he is entitled. The intervening act of the Legislature in decriminalizing the conduct for which he was convicted justifies a reversal of defendant's conviction and a direction that his conduct may not support further criminal proceedings on that subject; but it also destroys a fundamental assumption underlying the plea bargain — that defendant would be vulnerable to a term of imprisonment. The

5

state may therefore seek to reestablish defendant's vulnerability by reviving the counts dismissed." (*Collins*, *supra*, 21 Cal.3d at p. 215.)

Regarding remedy, we concluded that the state could revive one or more of the dismissed counts, but the defendant could not receive a more severe punishment than that to which the plea agreement had subjected him. (*Collins*, *supra*, 21 Cal.3d at pp. 216-217.)

In *Doe v. Harris*, *supra*, 57 Cal.4th 64, the Ninth Circuit Court of Appeals asked this court to answer a question of state law. As we rephrased it, the question was: " 'Under California law of contract interpretation as applicable to the interpretation of plea agreements, does the law in effect at the time of a plea agreement bind the parties or can the terms of a plea agreement be affected by changes in the law?' " (*Id*. at p. 66.) We "respond[ed] that the general rule in California is that the plea agreement will be ' "deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy. . . ." ' [Citation.] That the parties enter into a plea agreement thus does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them." (*Ibid*.)

We also discussed cases that "address a related but not identical question: whether, despite the general rule, the facts and circumstances of a particular plea agreement might give rise to an implicit promise that the defendant will be unaffected by a change in the law. Thus, even though, as we have explained, California law does not hold that the law in effect at the time of a plea agreement binds the parties for all time, it is not impossible the parties to a particular plea bargain might affirmatively agree or implicitly understand the consequences of a plea will remain fixed despite amendments to the relevant law." (*Doe v. Harris*, *supra*, 57 Cal.4th at p. 71.) We said, "Whether such an understanding exists

presents factual issues that generally require an analysis of the representations made and other circumstances specific to the individual case." (*Ibid.*)

We summarized that "as a general rule, . . . requiring the parties' compliance with changes in the law made retroactive to them does not violate the terms of the plea agreement, nor does the failure of a plea agreement to reference the possibility the law might change translate into an implied promise the defendant will be unaffected by a change in the statutory consequences attending his or her conviction. To that extent, then, the terms of the plea agreement can be affected by changes in the law." (*Doe v. Harris*, *supra*, 57 Cal.4th at pp. 73-74.)

We must decide whether the result of *Collins*, *supra*, 21 Cal.3d 208 (allowing a party to rescind a plea agreement when a subsequent change in the law deprives it of the benefit of its bargain), or the rule of *Doe v. Harris*, *supra*, 57 Cal.4th 64 (later changes in the law can affect a plea agreement), applies here. Critical to this question is the intent behind Proposition 47. As we explained in *Doe v. Harris*, *supra*, 57 Cal.4th at page 66, entering into a plea agreement does not insulate the parties "from changes in the law that *the Legislature has intended to apply to them*." (Italics added.) Here, of course, it was not the Legislature, but the electorate, that enacted Proposition 47. So the question is whether the electorate intended the change to apply to the parties to this plea agreement. We conclude it did.

Section 1170.18, subdivision (a), states that it governs someone "serving a sentence for a conviction, *whether by trial or plea*," of one of the felonies that Proposition 47 reduced to a misdemeanor. (Italics added.) The italicized language makes it clear that the provision applies to someone like defendant who was convicted by plea. (*T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 651-653.) Section 1170.18, subdivision (i), carves out an exception for persons who have at least one prior conviction for specified disqualifying offenses. Otherwise,

7

the section contains no exceptions and, specifically, no exception for someone convicted by a plea that was the result of a plea agreement. By expressly mentioning convictions by plea, Proposition 47 contemplated relief to all eligible defendants.

Moreover, section 1170.18, subdivision (b), provides that a person meeting the requirements of subdivision (a) (as defendant does) "shall" be resentenced "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." This discretion to find an unreasonable risk provides the "safety valve" to protect the public; the statute provides no other safety valve such as rescinding a plea bargain.

The resentencing process that Proposition 47 established would often prove meaningless if the prosecution could respond to a successful resentencing petition by withdrawing from an underlying plea agreement and reinstating the original charges filed against the petitioner. Many criminal cases are resolved by negotiated plea. "Plea negotiations and agreements are an accepted and 'integral component of the criminal justice system and essential to the expeditious and fair administration of our courts.' [Citations.] Plea agreements benefit that system by promoting speed, economy, and the finality of judgments." (*People v. Segura* (2008) 44 Cal.4th 921, 929.) Nothing in Proposition 47 suggests an intent to disrupt this process.

One of Proposition 47's primary purposes is to reduce the number of nonviolent offenders in state prisons, thereby saving money and focusing prison on offenders considered more serious under the terms of the initiative. (See Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 2, p. 70; *People v. Montgomery* (2016) 247 Cal.App.4th 1385, 1389-1390.) Accepting the People's position would be at odds with that purpose. As Justice Mosk observed in dissent below, "If a reduction of a sentence under Proposition 47 results in the

8

reinstatement of the original charges and elimination of the plea agreement, the financial and social benefits of Proposition 47 would not be realized, and the voters' intent and expectations would be frustrated."

While our conclusion is based on the unambiguous language of section 1170.18 and the expressed intent of Proposition 47, *Doe v. Harris*, *supra*, 57 Cal.4th 64, provides additional support. It stands for the proposition that "the Legislature [or here, the electorate], for the public good and in furtherance of public policy, and subject to the limitations imposed by the federal and state Constitutions, has the authority to modify or invalidate the terms of an agreement." (*Id.* at p. 70.) The electorate exercised that authority in enacting Proposition 47. It adopted a public policy respecting the appropriate term of incarceration for persons convicted of certain crimes, including grand theft from the person. The policy applies retroactively to all persons who meet the qualifying criteria and are serving a prison sentence for one of those convictions, whether the conviction was by trial or plea. The electorate may bind the People to a unilateral change in a sentence without affording them the option to rescind the plea agreement. The electorate did so when it enacted Proposition 47.

*Collins*, *supra*, 21 Cal.3d 208, is distinguishable both substantively and procedurally. In that case, we allowed the People to withdraw from a plea agreement before sentencing where a change in the law had decriminalized the offense to which the defendant had pled. The change eviscerated the judgment and the underlying plea bargain entirely, and it did so before the judgment. That is not the case here. Thus, while the rule of *Doe v. Harris*, *supra*, 57 Cal.4th 64, governs this case, we believe *Doe v. Harris* and *Collins* can be harmonized. Contrary to defendant's argument, we did not impliedly overrule *Collins* in *Doe v. Harris*.

9

For these reasons, we conclude that the People are not entitled to set aside the plea agreement when defendant seeks to have his sentence recalled under Proposition 47.

### III. CONCLUSION

We reverse the judgment of the Court of Appeal and remand the matter for further proceedings consistent with this opinion.

CHIN, J.

WE CONCUR:

CANTIL-SAKAUYE, C. J.
WERDEGAR, J.
CORRIGAN, J.
LIU, J.
CUÉLLAR, J.
KRUGER, J.

10

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** Harris v. Superior Court

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 242 Cal.App.4th 244
**Rehearing Granted**

_____

**Opinion No.** S231489
**Date Filed:** November 10, 2016

_____

**Court:** Superior
**County:** Los Angeles
**Judge:** Henry J. Hall

_____

**Counsel:**

Ronald L. Brown, Public Defender, Albert J. Menaster, Rourke Stacy and Mark Harvis, Deputy Public Defenders, for Petitioner.

Linda Lye, Micaela Davis; Peter Eliasberg; and David Loy for American Civil Liberties Union Foundation of Northern California, Inc., American Civil Liberties Union Foundation of Southern California, Inc., and American Civil Liberties Union Foundation of San Diego & Imperial Counties, Inc., as Amici Curiae on behalf of Petitioner.

Laura Beth Arnold and William A. Meronek for Public Defenders Association and Law Offices of the Public Defender for the County of Riverside as Amici Curiae on behalf of Petitioner.

No Appearance for Respondent.

Jacki Lacey, District Attorney, Phyllis Asayama, Matthew Brown and John Pomeroy, Deputy District Attorneys, for Real Party in Interest.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Mark Harvis
Deputy Public Defender
320 West Temple Street, Suite 590
Los Angeles, CA 90012
(213) 974-3066

John Pomeroy
Deputy District Attorney
320 West Temple Street, Suite 540
Los Angeles, CA 90012
(213) 974-5911