Filed 10/29/21  P. v. Brendlinger CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C093030 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F5754) |
| v. | |
| SHANE EARL BRENDLINGER, | |
| Defendant and Appellant. | |

Defendant Shane Earl Brendlinger pleaded no contest to a felony and a misdemeanor in 2015 and admitted two prior prison terms pursuant to Penal Code section 667.5, subdivision (b).[1]  His six-year negotiated sentence was stayed and he was placed on probation.  In 2020, his probation was revoked, at which time he asked the trial court to strike his prior prison term enhancements.  The trial court denied the request on the

---

[1]    Undesignated statutory references are to the Penal Code.

1

ground that the judgment already was final when Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill 136) took effect. Defendant appeals, contending his case was not final. We agree that, by virtue of the retroactive change in the law, defendant's one-year enhancements are unauthorized and must be stricken. We reverse the judgment and remand the matter to the trial court with directions to strike the enhancements. In accordance with the California Supreme Court's decision in *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*), we also direct the court to afford the prosecution an opportunity to withdraw its assent to the plea agreement.

BACKGROUND

In 2014, a complaint was filed in the Shasta County Superior Court charging defendant in count 1 with corporal injury to a spouse (§ 273.5, subd. (a)) and in count 2 with assault with force likely to cause great bodily injury (§ 245, subd. (a)(4)). It further was alleged under both counts that defendant had served two prior prison terms (§ 667.5, subd. (b)). The victim was defendant's ex-girlfriend and the mother of their two children. When the victim arrived home one evening, she found defendant on her second story balcony. When the victim let him inside, defendant grabbed her by the neck and pushed her into the living room. Defendant then pushed her on a couch, choked her, and after a brief struggle, left her apartment.

In 2015, defendant pleaded no contest to count 1 and admitted the two section 667.5, subdivision (b) enhancements. Defendant also pleaded no contest to misdemeanor corporal injury to a spouse (§ 273.5) in Shasta County Superior Court case No. 14M507. In exchange, execution of a six-year state prison term would be suspended and defendant would be granted three years' formal probation, with all other counts being dismissed. No appeal was taken.

In 2020, after a series of unsuccessful petitions to revoke defendant's probation and an extension of his probationary period, the trial court ultimately revoked defendant's probation. Defendant asked the trial court to strike the imposition of the sentence

2

enhancements for his prison priors in light of Senate Bill 136, which narrowed the types of prior offenses that qualify for a prior prison term enhancement. Defendant argued that his sentence was not final pursuant to *In re Estrada* (1965) 63 Cal.2d 740, but the trial court concluded that it lacked authority to modify the final judgment and ordered defendant to serve six years in prison.

Defendant now appeals the trial court's denial of his request to strike the two one-year enhancements on the basis that they are invalid under Senate Bill 136.

DISCUSSION

*Senate Bill 136*

After briefing was complete in this matter, our Supreme Court decided *People v. Esquivel* (2021) 11 Cal.5th 671. In *Esquivel*, the defendant pleaded no contest to a felony and admitted two prior prison terms in 2015. (*Id.* at p. 673.) The trial court suspended execution of his sentence and placed defendant on probation. (*Ibid.*) In 2018, the court found defendant in violation of probation and ordered his prison sentence into effect. (*Ibid.*) During the pendency of defendant's appeal, the Legislature passed Senate Bill 136, which made the enhancement provision applicable only to prison terms imposed for certain sexually violent offenses. (*People v. Esquivel, supra*, at p. 673.) The parties disputed whether defendant's case was final when the legislation took effect. (*Ibid.*) Our Supreme Court determined the defendant's case was not final at the time the legislation went into effect "because the 'criminal prosecution or proceeding' brought against defendant was not complete when the ameliorative legislation at issue took effect. [Citation.] Defendant had not exhausted direct review of the order causing his carceral punishment to take effect. The time for him to seek that review had not expired. And he had not successfully completed probation." (*Id.* at p. 678.) The court concluded: "[L]egislation ameliorating punishment presumptively applies to suspended execution cases pending on appeal from an order causing a previously imposed sentence to take effect." (*Id.* at p. 680.)

3

The facts in this case are analogous. Pursuant to *Esquivel*, defendant is entitled have his prior prison term enhancements stricken under Senate Bill 136.

*Remedy*

Defendant argues the remedy in this matter is for us to simply strike the two years imposed for his prior prison terms. In support of his argument, defendant cites this court's opinion in *People v. Andahl* (2021) 62 Cal.App.5th 203, review granted June 16, 2021, S268336. Relying on *Stamps*, the People argue the matter must be remanded to allow the prosecution an opportunity to withdraw from the agreement or agree to the change, rather than unilaterally altering the terms of an agreed-to bargain.

In *Stamps*, the defendant pleaded no contest to one count of first degree burglary and stipulated to a nine-year sentence consisting of two years for the burglary, doubled under the Three Strikes law (§ 1170.12, subd. (c)(1)), plus five years for a prior serious felony enhancement (§ 667, subd. (a)(1)). (*Stamps, supra*, 9 Cal.5th at p. 693.) In exchange for the plea, two other counts of first degree burglary and a second prior serious felony enhancement allegation were dismissed. (*Ibid.*)

At the time of sentencing, the trial court did not have discretion to strike the serious felony enhancement imposed under section 667, subdivision (a)(1). (*Stamps, supra*, 9 Cal.5th at p. 693.) However, while defendant's appeal was pending, Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Senate Bill 1393) took effect, giving trial courts the discretion to dismiss such enhancements. (*Stamps*, at p. 693.) On appeal, the defendant argued that Senate Bill No. 1393 applied retroactively to his case and required a remand so the trial court could decide whether to strike the serious felony enhancement, while otherwise preserving the plea agreement. (*Stamps*, at p. 693.)

After concluding that the defendant was not required to obtain a certificate of probable cause, and that Senate Bill 1393 applied retroactively to his case on appeal, the Supreme Court turned to the question of remedy. (*Stamps, supra*, 9 Cal.5th at pp. 700-709.) The court rejected the defendant's argument that the proper remedy was to remand

4

the matter to the trial court to consider striking the serious felony enhancement, while otherwise maintaining the balance of the negotiated plea agreement. (*Id*. at p. 700.) Noting that the parties entered into a plea agreement for a specific prison term, the court held that under long-standing law (see, e.g., § 1192.5), once a court has accepted the terms of a plea agreement, it cannot modify the terms of that bargain without the agreement of the parties. (*Stamps*, at pp. 700-701.) While recognizing that the Legislature could authorize courts to modify or invalidate the terms of a plea agreement without affording the People an option to rescind the agreement, the court found nothing to demonstrate the Legislature intended Senate Bill 1393 to have that effect. (*Stamps*, at pp. 702-704.)

In reaching its conclusion, the Supreme Court distinguished *Harris v. Superior Court* (2016) 1 Cal.5th 984 (*Harris*), which held that the People are not entitled to withdraw from a plea agreement when a defendant petitions to have a felony conviction recalled and resentenced as a misdemeanor under Proposition 47, the Safe Neighborhoods and Schools Act (enacted by the electorate Nov. 4, 2014) (Proposition 47). (*Stamps, supra*, 9 Cal.5th at pp. 702-704; see *Harris, supra*, at p. 993.) In *Harris*, it was undisputed that the defendant was entitled to have his conviction reduced and resentenced as a misdemeanor under Proposition 47. (*Harris*, at p. 989.) The question before the court was whether the People should be permitted to withdraw from the plea on the basis that the resentencing would deprive them of the benefit of their bargain. (*Id*. at pp. 988-989.) The court held that the answer to this question depended on the "intent behind Proposition 47." (*Harris*, at p. 991.) Based on "unambiguous language" that Proposition 47 applies to defendants convicted by plea, and the expressed intent of Proposition 47 to reduce the number of nonviolent offenders in state prisons, the court concluded that the Legislature intended to modify or invalidate the terms of plea agreements without affording the People the option to withdraw from the agreement. (*Harris*, at pp. 992-993.)

Unlike the legislation in *Harris*, the Supreme Court noted that Senate Bill 1393 was "silent regarding pleas." (*Stamps, supra*, 9 Cal.5th at p. 704.) Further, the court held, allowing a defendant to strike an enhancement under Senate Bill 1393 while otherwise retaining the benefits of the bargain would frustrate the legislative intent to have the law apply uniformly by creating "special rules" for plea cases. (*Stamps*, at p. 704.) Thus, the court held that Senate Bill 1393 was not intended "to change well-settled law that a court lacks discretion to modify a plea agreement unless the parties agree to the modification." (*Stamps*, at p. 702.)

Rejecting the defendant's argument that he should be permitted to " ' "whittle down the sentence 'but otherwise leave the plea bargain intact' " ' " (*Stamps, supra*, 9 Cal.5th at p. 706), the court concluded in *Stamps* that the proper remedy is to give defendant the choice whether to seek relief under Senate Bill 1393, knowing that if the trial court exercises its discretion to strike the enhancement, the People (and the court) will be entitled to withdraw their prior approval of the plea agreement. (*Stamps*, at pp. 706-709.)

Defendant argues *Stamps* does not apply, and notes that this court previously rejected the arguments presented by the People in *Andahl*. The People contend that the prosecutor, by not proceeding to trial, gave up a potential consecutive sentence of up to four years on the assault charged under count 2.[2] They frame the issue here as whether the Legislature intended to allow courts to unilaterally modify the terms of a negotiated plea agreement without affording the People an opportunity to withdraw their approval

---

[2] We disagree with the Attorney General's assertion that the prosecutor gave up a potential consecutive sentence by dismissing the charge in count 2. Count 2 appears to rest on the same act and victim that formed the basis for count 1. Pursuant to section 654, any conviction on count 1 likely would bar additional sentence exposure for defendant on count 2. We leave this analysis to the trial court in the first instance and express no view on whether additional time could be imposed on the section 273.5 charge in case No. 14M507, to which defendant also pleaded no contest.

before losing the benefit of their bargain. Like the legislation in *Stamps*, and unlike the legislation in *Harris*, the People argue that Senate Bill 136 does not expressly apply to plea cases. Thus, they submit, *Stamps* should control.

We find the People's position more persuasive and respectfully disagree with the remedy outlined by our colleagues in *Andahl*. The changes made by Senate Bill 136, limiting the prior offenses that qualify for a prior prison term enhancement, are similar to the changes made by Senate Bill 1393, allowing courts to dismiss a serious felony enhancement in furtherance of justice. Although Senate Bill 136 is mandatory, and the trial court's authority under Senate Bill 1393 is discretionary, both *Stamps* and *Harris* make clear that the key inquiry is not whether legislation is mandatory or discretionary. (*Stamps, supra*, 9 Cal.5th at pp. 701-705; *Harris, supra*, 1 Cal.5th at pp. 991-992; *People v. Houle* (2021) 64 Cal.App.5th 395, 400 [*Stamps* "forecloses [the] defendant's initial argument that the [prior prison term] enhancements should be stricken but the remainder of the plea bargain left intact"], review granted July 28, 2021, S269337; *People v. Griffin* (2020) 57 Cal.App.5th 1088, 1094-1095 [same], review granted Feb. 17, 2021, S266521.) The inquiry, instead, is whether the Legislature intended the legislation to overturn existing law that a court cannot modify an agreed-upon term without the parties' consent. (*Stamps*, at pp. 701-705.)

We conclude that Senate Bill 136 reflects no such intent, as it is "silent regarding pleas and provides no express mechanism for relief undercut[ting] any suggestion that the Legislature intended to create special rules for plea cases." (*Stamps, supra*, 9 Cal.5th at p. 704; *People v. Ruggerio* (2021) 65 Cal.App.5th 1126, 1129 ["Nothing in the legislative history of Senate Bill 136 suggests that the Legislature intended that the bill permit

defendants to ' " 'whittle down [their] sentence[s] "but otherwise leave [their] plea bargain[s] intact." ' " ' "].)**3**

As *Stamps* recognized, *Estrada* cannot supply the missing intent: "The *Estrada* rule only answers the question of *whether* an amended statute should be applied retroactively. It does not answer the question of *how* that statute should be applied." (*Stamps, supra*, 9 Cal.5th at p. 700.) Thus, "it is not enough for defendant to establish that the [ameliorative change in law] applies to him retroactively under *Estrada* in order to receive the remedy he seeks. In order to justify a remand for the court to consider striking his [enhancement] while maintaining the remainder of his bargain, defendant must establish not only that [the ameliorative change in law] applies retroactively, but that, in enacting that provision, the Legislature intended to overturn long-standing law that a court cannot unilaterally modify an agreed-upon term [of the plea agreement]." (*Stamps*, at p. 701.) Here, Senate Bill 136 includes no expression of legislative intent to overturn the long-standing law that a court cannot unilaterally modify a plea agreement.

As a result of the retroactive change in the law, the one-year sentence enhancements are no longer statutorily permitted and, as defendant's case was not final when the law changed, the enhancements must be stricken. Thus, we remand this matter to the trial court with directions to strike the enhancements, allowing the People (and the court) the opportunity to withdraw their approval of the plea.

### DISPOSITION

The judgment is reversed and remanded to the superior court with directions to strike the one-year prior prison term enhancements under section 667.5, subdivision (b), and to allow the People and the court the opportunity to withdraw their prior approval of

---

**3** We note that the Supreme Court of California has granted review in several cases, including *Andahl*, *Houle*, and *Griffin*, to resolve the split in authority on the question of Senate Bill 136's effect on sentences reached pursuant to negotiated plea agreements.

8

the plea agreement.  Once the new judgment is entered, the trial court is directed to prepare an amended abstract of judgment, reflecting the new judgment, and forward a copy to the Department of Corrections and Rehabilitation.


                                                                  KRAUSE           , J.


I concur:


       HOCH            , J.


I concur in the result:


       MURRAY        , Acting P. J.