Filed 3/4/22

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075758 |
| v. | (Super.Ct.No. SWF009315) |
| TAYLOR JAMES PIXLEY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Affirmed.

Alex Kreit, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael P. Pulos, Seth M. Friedman and Joseph C. Anagnos, Deputy Attorneys General, for Plaintiff and Respondent.

1

Taylor James Pixley appeals the denial of his petition seeking resentencing pursuant to section 1170.91.[1] That section allows a person convicted of a felony who may have certain kinds of trauma as a result of his or her military service to petition for resentencing. The trial court ruled that section 1170.91 does not apply to a person who pleaded guilty pursuant to a plea agreement that provided for a stipulated sentence. The rationale behind this ruling is that, even if petitioner were resentenced, the trial court would have to reimpose the sentence specified in the plea agreement.

Petitioner argues that the language of section 1170.91, subdivision (b), which allows "[a] person currently serving a sentence for a felony conviction, whether by trial or plea" to petition means that the existence of a plea agreement can never bar resentencing. He also argues that, if the petition were granted, the trial court could withdraw its approval of the plea agreement. We disagree on both points. Hence, we will affirm.

I

STATEMENT OF THE CASE

In 2005, pursuant to a plea bargain, petitioner pleaded guilty to six counts of a forcible lewd act on a child under 14. (§ 288, subd. (b).) In exchange, the prosecution dismissed 12 counts of a nonforcible lewd act on a child under 14 (§ 288, subd. (a)) as well as a multiple victim sentencing allegation (former § 667.61, subd. (e)(5), Stats. 1998, ch. 936, § 9, pp. 6874-6876; see now § 667.61, subd. (e)(4)).

---

[1] This and all further statutory citations are to the Penal Code.

2

The plea bargain provided for a sentence of 36 years in prison (the midterm of six years on each count, run consecutively). The trial court sentenced petitioner accordingly.

Section 1170.91 went into effect on January 1, 2019. (Stats. 2018, ch. 523, § 1, p. 3830.) Later in 2019, petitioner filed a petition for resentencing pursuant to section 1170.91. He alleged that he had served in the United States Navy and that he suffered from post-traumatic stress disorder (PTSD) and substance abuse as a result.

In 2020, the trial court denied the petition. It ruled that petitioner was not entitled to resentencing because he had entered into a plea bargain that included a stipulated sentence.

II

PETITIONER IS NOT ENTITLED TO RESENTENCING

Petitioner contends that he is eligible for resentencing even though he is serving a stipulated sentence.

Section 1170.91, subdivision (b)(1) allows a person convicted of a felony who may be suffering from certain kinds of trauma (including PTSD and substance abuse) caused by his or her military service to petition for a recall of sentence for the purpose of resentencing "pursuant to subdivision (a) . . . ."

Section 1170.91, subdivision (a), in turn, provides that, "when imposing a term under subdivision (b) of Section 1170," the trial court may consider such service-connected trauma as a mitigating factor. (§ 1170.91, subd. (a).)

*People v. King* (2020) 52 Cal.App.5th 783 (*King*) held that a person who was given a stipulated sentence pursuant to a plea agreement is not eligible for resentencing under section 1170.91. (*Id*. at pp. 790-794.) It acknowledged that: "[T]he statute expressly states that a resentencing hearing is available to a defendant who was sentenced after entering into a plea. (§ 1170.91, subd. (b)(1) ['A person currently serving a sentence for a felony conviction, *whether by trial or plea* . . . may petition for a recall of sentence,' italics added.].) Thus, King is not precluded from obtaining relief under section 1170.91, subdivision (b) merely because he entered into a plea agreement. However, King did not only enter into a plea. Unlike a defendant who enters into an open plea, King also agreed to a specific prison term . . . ." (*Id*. at p. 790.)

It explained: "When a defendant who enters into a plea also agrees to a stipulated sentence, upon accepting the plea, the trial court may not proceed as to the plea other than as specified in the plea." (*King, supra,* 52 Cal.App.5th at pp. 790-791; see also § 1192.5.) "[B]ecause King entered into a plea, which included a stipulated sentence . . . , even if the trial court granted relief under the petition by recalling King's sentence and holding a new sentencing hearing, it would be precluded from considering King's mental health and substance abuse problems in mitigation and imposing a lesser prison sentence when sentencing King." (*King, supra,* at p. 791.)

*People v. Brooks* (2020) 58 Cal.App.5th 1099 (*Brooks*) followed *King*. (*Brooks*, *supra*, at pp. 1107-1109.) The defendant in *Brooks* "center[ed] his argument . . . on the language in section 1170.91 . . . , 'whether by trial or plea' . . . ." (*Brooks*, *supra*, 58

4

Cal.App.5th at p. 1104.)  He also cited *Harris v. Superior Court* (2016) 1 Cal.5th 984 (*Harris*), which had held that, because Proposition 47 applied to a person serving a sentence "whether by trial or plea," a defendant sentenced pursuant to a plea bargain with stipulated term was entitled to seek resentencing under Proposition 47.  (*Brooks*, *supra*, at p. 1105; see *Harris*, *supra*, at pp. 991-992.)  He further cited *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*), which had held that a defendant sentenced pursuant to a plea bargain with a stipulated term was entitled to seek resentencing under section 1385, as amended by Senate Bill No. 1393 (2017-2018 Reg. Sess.); moreover, on remand, the trial court could withdraw its approval of the plea.  (*Brooks*, *supra*, at p. 1105; see *Stamps*, *supra*, at pp. 704-709.)

*Brooks* responded:  "The analogy Brooks would have us draw to *Stamps* and *Harris* is inapt, since those cases involved scenarios in which resentencing courts were asked to reject stipulated plea agreements categorically under retroactively conferred resentencing authority, thus eliminating the legal basis for the conviction under section 1170.18 (e.g., *Harris*) or providing new discretion to dismiss an enhancement under section 1385 (e.g., *Stamps*).  When the Legislature makes an ameliorative change in the law that specifically contemplates the change will apply to all convictions, final or nonfinal, whether suffered by trial or plea, resentencing eligibility will follow, even for defendants whose convictions have been final for many years.  But the problem Brooks has is that section 1170.91 does not eliminate the legal basis for his conviction or grant the trial court unfettered discretion to reconsider an aspect of his sentence that would in

5

turn affect his plea bargain.  All it does is allow a court to take certain mitigating factors into account, and only insofar as the court is otherwise permitted to exercise discretion in the selection of a low, middle, or high term from within the applicable sentencing triad." (*Brooks*, *supra*, 58 Cal.App.5th at p. 1107.)

Petitioner here similarly relies on *Harris*.  *Harris* is not controlling, for the reasons stated in *Brooks*.  We also note that the reasoning in *Harris* turned on the particular language of Proposition 47:  "[T]he section contains no exceptions and, specifically, no exception for someone convicted by a plea that was the result of a plea agreement. . . . [¶]  Moreover, [the] section . . . provides that a person meeting [its] requirements . . . 'shall' be resentenced 'unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.'  . . . ; the statute provides no other safety valve such as rescinding a plea bargain."  (*Harris*, *supra*, 1 Cal.5th at pp. 991-992.)  Here, by contrast, section 1170.91 contains no similarly mandatory language.  It provides for limited and specific relief — "a recall of sentence" to "impos[e] a term under subdivision (b) of Section 1170."  If the trial court granted such relief here, it would have to reimpose the same sentence as it originally imposed.

Petitioner also relies on *Stamps*.  *Stamps*, too, is not controlling, for the reasons stated in *Brooks*.  We also note that *Stamps* did not involve any statute providing for resentencing.  Rather, there, the defendant was entitled to resentencing because Senate Bill No. 1383 had gone into effect before his conviction was final.  (*Stamps*, *supra*, 9 Cal.5th at pp. 698-699.)  Accordingly, "[t]he [trial] court's authority to withdraw its

6

approval of a plea agreement [was] 'near-plenary.' [Citations.]" (*Id*. at p. 708.) Here, however, such authority is circumscribed by section 1170.91.

A dissenting justice in *Brooks* argued that there were two ways the defendant could be resentenced other than according to the plea. First, the prosecutor might agree to modify the plea. (*Brooks*, *supra*, 58 Cal.App.5th at p. 1111 [dis. opn. of Pollak, P.J.].) Second, the trial court might withdraw its approval of the plea. The dissent noted that a recall of sentence under section 1170, subdivision (d) allows a court to resentence a defendant "'as if they had not previously been sentenced'"; it argued that a recall of sentence under section 1170.91, subdivision (b) should have the same scope. (*Brooks*, *supra*, 58 Cal.App.5th at pp. 1111 & 1112, fn. 4 [dis. opn. of Pollak, P.J.].)

The majority disagreed: "Section 1170, subdivision (d), applies only in narrow circumstances not present here: When the sentencing court, on its own motion, recalls the sentence within 120 days of the commitment, or 'at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of state prison inmates, the county correctional administrator in the case of county jail inmates, or the district attorney of the county in which the defendant was sentenced.' [Citation.] Because none of those situations is involved when a defendant petitions for resentencing under section 1170.91, subdivision (b), the reference in section 1170, subdivision (d) to resentencing the defendant as if he had not previously been sentenced is irrelevant." (*Brooks, supra,* 58 Cal. App.5th at p. 1108, fn. 2.)

7

Petitioner urges us to adopt the reasoning of the *Brooks* dissent. We find the reasoning of the *Brooks* majority to be more persuasive. Section 1170.91, subdivision (b) provides for "a recall of sentence . . . to request resentencing *pursuant to subdivision (a) . . . .*" (Italics added.) Section 1170.91, subdivision (a) in turn provides for "*imposing a term under subdivision (b) of Section 1170.*" (Italics added.) This leaves no room for the trial court to withdraw its approval of a plea agreement.

*Brooks* did not respond to the dissenting justice's suggestion that the prosecutor might agree to modify the plea. However, a prosecutor who is sufficiently moved by a petitioner's showing of service-connected trauma could always agree to renegotiate the plea and stipulate to the grant of the petition. Alternatively, the prosecutor could stipulate to the grant of a writ of habeas corpus based on defense counsel's failure to assert service-connected trauma at the original sentencing.

In sum, then, the trial court correctly ruled that petitioner's agreement to a negotiated sentence made him ineligible for resentencing under section 1170.91.

III

DISPOSITION

The order appealed from is affirmed.

CERTIFIED FOR PUBLICATION

RAMIREZ
P. J.

We concur:
McKINSTER
J.
MILLER
J.

8