Filed 8/5/22 P. v. Norasingh CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| THE PEOPLE, | C095021 |
| Plaintiff and Respondent, | (Super. Ct. No. SCCRCRF20182413) |
| v. | |
| ALLISON NORASINGH, | |
| Defendant and Appellant. | |

Defendant Allison Norasingh resolved the criminal matter pending against her by pleading no contest to *felony* unlawful cultivating, harvesting, drying, or processing of more than six cannabis plants (count 1) and *misdemeanor* cultivating, harvesting, drying, or processing of more than six cannabis plants (count 2). In exchange, she received a stipulated sentence of three years' probation for count 2 and five years' deferred entry of judgment (DEJ) for count 1.

Thereafter, the Legislature passed Assembly Bill No. 1950 (2019-2020 Reg. Sess.), which generally sets the maximum misdemeanor probation term at one year.

1

(Stats. 2020, ch. 328, § 1; *People v. Butler* (2022) 75 Cal.App.5th 216, 220.) In light of this change, defendant petitioned the trial court, seeking dismissal of both counts asserting she successfully completed probation and DEJ. The People opposed defendant's request only as to the DEJ count. The trial court agreed, finding Assembly Bill No. 1950 applied to count 2 and granting defendant's petition as to that count, but denied her petition as to the DEJ count.[1] Defendant timely appealed and received a certificate of probable cause.

She now argues the trial court erred in refusing to grant her relief as to count 1 because the trial court's grant of DEJ had no statutory basis and contravenes California public policy as embodied in Assembly Bill No. 1950. We disagree, and accordingly, we affirm.

DISCUSSION

Even assuming arguendo that defendant is correct that the trial court's grant of DEJ for a five-year term for felony unlawful cultivating, harvesting, drying, or processing of marijuana was an unauthorized sentence without a statutory basis,[2] (see, e.g., *People v. Scott* (1994) 9 Cal.4th 331, 354 ["a sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstances in the particular case"]), this does not entitle defendant to relief.

---

[1] The trial court's sentence has her DEJ term set to expire in October 2024.

[2] Defendant argues neither her crime, nor the length of her DEJ, complied with the requirements of Penal Code sections 1000 and 1000.2. The People respond that the trial court did not purport to impose defendant's DEJ under that provision. Rather, the record reflects that the court imposed the term pursuant to a "long[-]standing tradition" in Siskiyou County "where the [District Attorney] offers diversion even though it's not technically pursuant to any statutory authority." However, we need not affirmatively determine whether the trial court acted in excess of its jurisdiction in order to determine the merits of this appeal.

As explained by the California Supreme Court in *People v. Hester* (2000) 22 Cal.4th 290, 295: "The rule that defendants may challenge an unauthorized sentence on appeal even if they failed to object below is itself subject to an exception: Where the defendants have pleaded guilty in return for a *specified* sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack *fundamental* jurisdiction. The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process."

"A court lacks jurisdiction in a *fundamental* sense when it has no authority at all over the subject matter or the parties, or when it lacks any power to hear or determine the case." (*People v. Ford* (2015) 61 Cal.4th 282, 286, italics added.) In contrast, a trial court acts in *excess of jurisdiction* where the "court has fundamental jurisdiction but fails to act in the manner prescribed." (*Id*. at p. 287.) Actions in excess of jurisdiction are "valid until set aside" and are subject to estoppel. (*Ibid*.) Defendant does not argue that the trial court lacked fundamental jurisdiction. Accordingly, she is bound by the rule in *Hester* and is estopped from challenging her agreed-to sentence, which included a five-year DEJ term. (*People v. Hester*, *supra*, 22 Cal.4th at p. 295.)

Moreover and recognizing the power of the Legislature to pass laws capable of altering the terms of plea agreements (*Harris v. Superior Court* (2016) 1 Cal.5th 984, 990-993), defendant has not established that Assembly Bill No. 1950 applies to modify her DEJ term. On the contrary, that legislation modified the maximum length of time a person could be sentenced to probation, subject to exceptions irrelevant here. (Stats. 2020, ch. 328, §§ 1-2.) Defendant has already benefited from its application to her probation term. It does not apply to modify the DEJ term.

3

DISPOSITION

The judgment is affirmed.

/s/_____
Robie, Acting P. J.

We concur:

/s/_____
Hull, J.

/s/_____
Krause, J.