Filed 9/1/22  P. v. Fill CA4/2
Opinion after recalling remittitur

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E076325 |
| v. | (Super.Ct.No. FSB040619) |
| LINDA MARIE FILL, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ronald M. Christianson, Judge.  Reversed and remanded with directions.

Three Strikes Project, Stanford Law School, and Milena Blake; McConville Law and Karen McConville for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles Ragland and Eric A. Swenson, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 2003, defendant and appellant Linda Marie Fill fatally shot a mobile home park manager multiple times in the head with a rifle because she had been evicted by the manager. Defendant also shot another resident of the mobile home park in the face, but the resident survived. In 2004, pursuant to a negotiated plea agreement, defendant pleaded guilty to murder (Pen. Code,[1] § 187, subd. (a)) with the personal use of a firearm (§ 12022.5, subd. (a)). In return, the remaining charges and enhancement allegations were dismissed, and defendant was sentenced to a stipulated term of 35 years to life in prison.

Less than halfway into her negotiated sentence or approximately 15 years later, in 2019, the Secretary of the California Department of Corrections and Rehabilitation (CDCR) recommended in a letter that defendant's sentence be recalled pursuant to former section 1170, subdivision (d)(1) (now § 1170.03) (hereafter, former section 1170(d)(1)). The trial court declined to exercise its discretion under former section 1170(d)(1), and defendant appealed. On October 14, 2021, we affirmed the trial court's ruling in an unpublished opinion. (*People v. Fill* (Oct. 14, 2021, E076325) (*Fill I*).)

On January 1, 2022, Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719, § 3.1) (Assembly Bill 1540) went into effect, which changed the procedure for recall and resentencing upon a recommendation from the CDCR. On June 6, 2022, new appellate counsel filed a motion to recall the remittitur based on ineffective assistance of

---

[1] All future statutory references are to the Penal Code.

counsel. We granted defendant's motion, recalled the remittitur, and directed the parties to file supplemental letter briefs.

In a supplemental brief, defendant argues the trial court erred when it failed to have a hearing and declined to recall and resentence her based on the recommendation of the CDCR because the new statutory language in section 1170.03 makes it clear the court is required to do so. Defendant thus requests we remand the matter to allow her to be heard and the court to give deference to the presumption favoring recall and resentencing based on CDCR's recommendation. The People agree the matter should be remanded but argue the trial court will not be able to reduce defendant's sentence without giving the prosecution the opportunity to rescind the plea agreement because defendant stipulated to a specific prison term. We reverse the order declining to recall the sentence and remand for a new hearing consistent with Assembly Bill 1540 without permitting the prosecution to withdraw from their plea agreement.

I

FACTUAL AND PROCEDURAL BACKGROUND[2]

On August 5, 2003, at about 1:19 a.m., the San Bernardino County Sheriff's Department received a 911 call from a resident of a mobile home park to report a shooting that had occurred in the manager's home. The resident indicated that she had fled the scene after being shot in the face by defendant and ran to another residence for help. The resident informed the responding deputies that defendant also shot and killed

---

[2] The factual background is taken from CDCR's Cumulative Case Summary and Evaluation Report.

the manager of the complex. The manager had been shot multiple times to the head with what appeared to be a .22-caliber sawed-off rifle. The manager had evicted defendant and her roommate from the park the prior year due to problems they were causing during their time living at the park. A deputy noted that he had responded to the same mobile home park the previous year and arrested defendant for burglary and assault with a deadly weapon.

On September 26, 2003, an information was filed alleging defendant had committed murder (§ 187, subd. (a); count 1), premeditated attempted murder (§§ 664/187, subd. (a); count 2), and kidnapping (§ 207, subd. (a); count 3). The information also alleged that in the commission of counts 1 and 2, defendant had personally and intentionally discharged a firearm, proximately causing great bodily injury or death (§ 12022.53, subd. (d)). As to count 1, the information further alleged a special circumstance allegation that the manager was a witness to a crime and was intentionally killed for preventing her testimony in a criminal proceeding (§ 190.2, subd. (a)(10)). Finally, the information alleged that defendant had suffered three prior prison terms (§ 667.5, subd. (b)).

On April 1, 2004, the second day of trial, defendant entered into a negotiated plea agreement with the People. Pursuant to the negotiated disposition, defendant pleaded guilty to first degree murder with the personal use of a firearm. In exchange, the People dismissed the remaining counts and enhancement allegations, and defendant was sentenced to a stipulated term of 35 years to life in prison.

4

On April 17, 2019, the Secretary of the CDCR sent the superior court a letter recommending that defendant's sentence be recalled under former section 1170(d)(1) so that it may consider whether to resentence her.

On October 6, 2020, defendant's retained counsel filed a brief in support of the CDCR's recommendation to recall defendant's sentence. The brief explained the reasons why the trial court should follow the CDCR's recommendation. The brief included approximately 150 pages of exhibits showing defendant's postconviction conduct in support of the CDCR's recommendation. The exhibits included, among others, the recommendation and evaluation reports from the CDCR, numerous letters in support, awards and certificates of completion from various programs, medical diagnoses, relapse prevention plans, drug test results, and letters of remorse.[3]

On November 3, 2020, the trial court declined to exercise its discretion under former section 1170(d)(1). In an ex parte minute order dated November 3, 2020, the court explained: "In response to the April 17, 2019 recommendation of the Secretary of the Department of Corrections and Rehabilitation under Penal Code section 1170(d) to recall the sentence of the Defendant, the court has conducted a review of the court file and the materials sent to the court by the Secretary. [¶] The Defendant was originally charged with the crimes of murder (with a special circumstance allegation that the killing was of a witness to another crime), attempted murder and kidnapping with gun use enhancements on all counts, and faced a potential exposure of LWOP plus 25 years to life

---

[3] The record does not contain any response briefs from the People.

just on the murder charge.  [ ] During jury selection, the parties reached a plea agreement wherein the Defendant pled to first degree murder with the use of a firearm and on April 4, 2004 was sentenced to 35 years to life in prison.  [¶]  Based upon the heinous nature and circumstances of the crime and the fact that the parties reached a plea bargain agreement wherein the Defendant obtained a resulting sentence significantly less severe than the potential had there been a conviction as charged at trial, the court declines to exercise its discretion under Penal Code section 1170(d).  The original sentence imposed on April 4, 2004 is to remain in full force and effect.  [¶]  A copy of this Minute Order to be sent to the Secretary of the Department of Corrections, the District Attorney and the Public Defender."[4]

On December 18, 2020, defendant filed a notice of appeal from the trial court's order declining to recall her sentence.

On October 8, 2021, while defendant's current appeal was pending, the governor signed Assembly Bill 1540, which went into effect on January 1, 2022.  We affirmed the trial court's order in an unpublished opinion on October 14, 2021, concluding the trial court did not abuse its discretion or violate defendant's due process rights when it declined to recall her sentence without holding a noticed hearing.  (*Fill I*, *supra*, E076325.)

---

**4**  The minute order incorrectly states the sentencing occurred on April 4, 2004. Defendant was sentenced on the same day she pleaded guilty on April 1, 2004.

6

On June 6, 2022, new appellate counsel filed a motion to recall the remittitur based on ineffective assistance of counsel and attached a supporting declaration from former counsel. On July 1, 2022, we granted defendant's motion, recalled the remittitur, and directed the parties to file supplemental briefs.

II

DISCUSSION

Assembly Bill 1540 moved and amended the recall and resentencing provisions set out in former section 1170(d)(1), to a new section, 1170.03. (Stats. 2021, ch. 719.) Added section 1170.03 requires that, when recall and resentencing is initiated on the court's own motion or upon the recommendation of the Secretary of the CDCR, the court "shall apply the sentencing rules of the Judicial Council and apply any changes in law that reduce sentences or provide for judicial discretion." (§ 1170.03, subd. (a)(2).) As relevant here, the resentencing court may "[r]educe a defendant's term of imprisonment by modifying the sentence" "regardless of whether the original sentence was imposed after a trial or plea agreement." (§ 1170.03, subd. (a)(3)(A).) Furthermore, if a resentencing request is from the Secretary of the CDCR, "[t]here shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18." (§ 1170.03, subd. (b)(2).)

In addition, significant for this appeal, section 1170.03 now obligates the resentencing court to provide notice to the defendant of the recommendation, set a status conference within 30 days after receipt of the recommendation, appoint counsel to represent the defendant, and provides that a defendant has a statutory right to be present at the recall hearing.  (§ 1170.03, subds. (a)(8), (b)(1).)  Furthermore, the court must "state on the record the reasons for its decision to grant or deny recall and resentencing." (§ 1170.03, subd. (a)(6).)

"The legislative history of these changes indicates that the bill was, in part, intended to clarify the Legislature's intent regarding former section 1170(d)(1), which it had amended in 2018.  Specifically, the Legislature sought through Assembly Bill 1540 to 'ensure due process and equitable application in these types of resentencing cases' and indicate that trial courts should accept the CDCR's resentencing recommendations.  (See, e.g., Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 1540 (2021-2022 Reg. Sess.) as amended Sept. 3, 2021, p. 3 [bill clarifies legislature's intent to honor time, thought, and effort law enforcement agencies put into referrals]; Sen. Com. on Public Safety, Rep. on Assem. Bill No. 1540 (2021-2022 Reg. Sess.) as amended June 22, 2021, pp. 2-3 [bill 'makes clarifying changes,' including requiring notice to defendant, appointment of counsel, a hearing, a statement of reasons for denying or granting recall and resentencing, and a presumption favoring recall and resentencing]; Assem. Com. on Pub. Safety, Analysis of Assem. Bill No. 1540 (2021-2022 Reg. Sess.) as amended Apr. 22, 2021, Author's Statement, p. 4 ['The changes

contained in A[ssembly] B[ill] 1540 strengthen common [procedures] to address equity and due process concerns in how courts should handle second look sentencing requests'].)" (*People v. McMurray* (2022) 76 Cal.App.5th 1035, 1040-1041 (*McMurray*); accord, *People v. Cepeda* (2021) 70 Cal.App.5th 456, 471 [Assembly Bill 1540 requires courts to apply any changes in the law once a sentence has been recalled for resentencing.].)

Defendant and the People agree that we should remand to allow the trial court to hold a hearing and review the CDCR's recommendation under the standards of section 1170.03. We also agree. "Assembly Bill 1540 was intended to 'make clarifying changes' to former section 1170(d)(1), including specifying the required procedure and guidelines when the CDCR recommends recall and resentencing." (*McMurray*, *supra*, 76 Cal.App.5th at p. 1041.) "When a case involving such a clarifying amendment is on appeal, the appropriate resolution is to reverse and remand the matter for further proceedings in compliance with the amended legislation." (*Id.* at p. 1039.)

Thus, we "reverse and remand the matter, so that the trial court can consider the CDCR's recommendation to recall and resentence defendant under the new and clarified procedure and guidelines of section 1170.03" (*McMurray*, *supra*, 76 Cal.App.5th at p. 1041) without permitting the prosecution to withdraw from their plea agreement (see *Harris v. Superior Court* (2016) 1 Cal.5th 984, 992-993).

9

III

DISPOSITION

The order declining to recall defendant's sentence is reversed. The matter is remanded to the superior court for the court to reconsider the Secretary of the CDCR's recommendation and exercise its discretion under section 1170.03 whether to recall and resentence defendant. On remand, the court is to provide defendant with all procedural protections afforded under section 1170.03, including among others, appointment of counsel for defendant, notice, and a hearing on the Secretary's recommendation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


MILLER
J.


FIELDS
J.