Filed 1/23/23  P. v. Brown CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHRISTOPHER JASON BROWN SR.,<br><br>    Defendant and Appellant. | G060325<br><br>(Super. Ct. No. 06WF1152)<br><br>O P I N I O N |

 

Appeal from an order of the Superior Court of Orange County, Terri Flynn-Peister, Judge.  Affirmed.  Request for judicial notice.  Denied.

Christine Vento, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Steve Oetting, Acting Assistant Attorney General, A. Natasha Cortina and Stephanie A. Mitchell, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

FACTS AND PROCEDURAL HISTORY

On April 29, 2006, defendant Christopher Jason Brown, Sr., shot his wife with a shotgun while she was a passenger in her father's car. Defendant's wife was struck by shotgun pellets and injured; defendant's father-in-law was also in the line of fire but was evidently unharmed. In 2007, pursuant to a plea agreement with the district attorney, defendant pleaded guilty to attempted murder, assault with a firearm, and shooting at an occupied motor vehicle. Defendant also admitted he intentionally discharged a firearm during the attempted murder and personally used a firearm during the assault, both of which are enhancements.

Defendant's plea agreement was a "negotiated plea," whereby the district attorney and defendant agreed to a particular sentence, rather than an "open plea," whereby the actual sentence is left to the trial court's discretion. Specifically, defendant agreed to the following sentence: life with the possibility of parole on the attempted murder count, plus 20 years for the firearm enhancement, the middle term of three years on the assault with a firearm count, plus three additional years for the firearm enhancement, and the low term of three years on the shooting at an occupied motor vehicle count, which was stayed pursuant to Penal Code section 654.[1] Thus, defendant's total sentence was life with the possibility of parole plus 26 years.

In 2021, defendant filed a petition for resentencing under section 1170.91, which permits resentencing of any "person currently serving a sentence for a felony conviction, whether by trial or plea, who is, or was, a member of the United States military and who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service" (id., subd. (b)(1)), so long as the defendant's service-related issues were not considered as a factor in mitigation at the time of sentencing and the defendant

_____

[1] All statutory references are to the Penal Code.

was sentenced prior to January 1, 2015 (*id.*, subd. (b)(1)(A) & (B)). Defendant alleged he suffered a traumatic brain injury and developed mental health issues during his service with the United States Marine Corps. Defendant also alleged the sentencing court did not consider his injury or mental health issues as a factor in sentencing.

The trial court concluded defendant was not eligible for relief because he received an indeterminate sentence and his sentence arose from a negotiated plea. The trial court noted it was bound by three cases on these points: *People v. Estrada* (2020) 58 Cal.App.5th 839 (*Estrada*) on the indeterminate sentence issue; *People v. Brooks* (2020) 58 Cal.App.5th 1099 (*Brooks*) and *People v. King* (2020) 52 Cal.App.5th 783 (*King*) on the negotiated plea issue. Accordingly, the trial court denied defendant's petition. Defendant timely appealed.

After the matter was initially submitted, the Legislature passed amendments to section 1170.91, which became effective January 1, 2023. We requested supplemental briefing from the parties to address these amendments.

## DISCUSSION

On appeal, defendant challenges *Brooks* and *King*,[2] which barred defendant's petition for resentencing as to the three-year term for assault with a firearm. Defendant argues, based on the statutory language itself and *Harris v. Superior Court* (2016) 1 Cal.5th 984 (*Harris*), that resentencing *is*, in fact, available to otherwise eligible defendants originally sentenced pursuant to a negotiated plea. However, in light of the recent amendments to section 1170.91, that became effective January 1, 2023 (Stats. ch. 721, § 1), we decline to reach these issues, as defendant is ineligible for resentencing under the amended statute as a matter of law.

---

[2] By implication, defendant also challenges *People v. Pixley* (2022) 75 Cal.App.5th 1002 (*Pixley*), which followed *Brooks* and *King*, but was decided after the filing of defendant's opening brief.

As amended, section 1170.91, subdivision (c) renders certain otherwise-eligible defendants ineligible for resentencing if they have been convicted of certain offenses listed in section 667, subdivision (e)(2)(C)(iv), sometimes called "superstrike" offenses. Included among those offenses is "Any homicide offense, including any attempted homicide offense." (*Id.*, subd. (e)(2)(C)(iv)(IV).) As discussed above, defendant was convicted of attempted murder. Consequently, defendant is ineligible for resentencing under section 1170.91.[3]

## DISPOSITION

The order denying defendant's petition is affirmed.

SANCHEZ, J.

WE CONCUR:

MOORE, ACTING P. J.

DELANEY, J.

---

[3] The Attorney General requests we take judicial notice of portions of the legislative history of the relevant amendments to section 1170.91. We deem this unnecessary and deny the request. The amended statute is clear on its face.

4