Filed 3/15/22  P. v. Lamarra CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Calaveras)

----

| | |
|---|---|
| THE PEOPLE, | C092865 |
| Plaintiff and Respondent, | (Super. Ct. No. 19F7541A) |
| v. | |
| ROGER THOMAS LAMARRA, | |
| Defendant and Appellant. | |

Defendant Roger Thomas Lamarra pleaded guilty to child endangerment (Pen. Code, § 273a, subd. (a))[1] and admitted serving four prior prison terms (§ 667.5, former subd. (b)) in exchange for probation and a suspended sentence of the upper term of six years on the child endangerment count plus four years for the prior prison term enhancements.  After defendant violated probation, the trial court reimposed the suspended sentence.  On appeal, defendant asserts that (1) following the enactment of

---

[1]  Further undesignated statutory references are to the Penal Code.

1

Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill 136), his prior prison terms are no longer qualifying offenses for section 667.5, subdivision (b) enhancements, (2) the proper remedy is for this court to strike the four prior prison term enhancements rather than remand for resentencing, and (3) the trial court erred in calculating custody credits. We shall strike defendant's four prior prison term enhancements and order the abstract of judgment corrected to reflect defendant had, at the time of sentencing, 373 total days in custody credits rather than 357 days.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 30, 2019, law enforcement performed a traffic stop on a vehicle occupied by defendant and a codefendant. Codefendant's two-year-old grandson was in a car seat in the vehicle. There was a pouch behind the car seat within reach of the child. Inside the pouch were several syringes, three of which contained heroin. Some of the needle caps were not completely secured to adequately cover the syringes. The pouch also contained an unsheathed knife.

Defendant and codefendant were charged with child endangerment (§ 273a, subd. (a); count I), possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a); count II), possession of drug paraphernalia (Health & Saf. Code, § 11364, subd. (a); count III), and defendant with failure to stop at a stop sign (Veh. Code, § 22450, subd. (a); count IV). In connection with count I, it was further alleged defendant had a prior strike conviction (§§ 667, subd. (d), 1170.12, subd. (b)), and served four prior prison terms (§ 667.5, former subd. (b)).

Defendant pleaded guilty to child endangerment in count I in exchange for the upper term of six years and admitted four prison priors carrying a one-year term each for a total of 10 years in county jail, with execution of the term suspended. The remainder of

the counts and the strike prior allegation were dismissed, with a *Harvey* waiver,[2] as were charges and enhancements in a separate traffic case. Defendant would serve four years' probation with various conditions and 60 days in county jail.

Subsequently, a petition and amended petitions were filed to revoke defendant's probation. The probation department recommended defendant's probation be reinstated to include 90 days in jail and a six-month residential treatment program, but the trial court and the prosecution did not agree with that recommendation. The trial court sustained the violations alleged in the second amended petition.

Prior to sentencing, the parties addressed whether Senate Bill 136 applied to defendant's case. Ultimately, the trial court terminated probation and reimposed the originally suspended sentence of the upper term of six years on count I plus four years for the prison priors for a total of 10 years.

DISCUSSION

I

*Section 667.5, subdivision (b) Enhancements*

Following the enactment of Senate Bill 136, only prior prison terms for sexually violent offenses are subject to the one-year enhancement pursuant to section 667.5, subdivision (b). (§ 667.5, subd. (b), as amended by Stats 2019, ch. 590, § 1.) Defendant asserts that, following the enactment of Senate Bill 136, his four 1-year sentences imposed for prior prison terms under section 667.5, former subdivision (b) must be stricken. Defendant asserts that, contrary to the trial court's determination, under *People v. Esquivel* (2021) 11 Cal.5th 671, the ameliorative benefits of Senate Bill 136 apply to "suspended execution cases pending on appeal from an order causing a previously imposed sentence to take effect" such as this. (*Esquivel*, at p. 680.) The

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754, 758.

3

Attorney General concedes defendant is entitled to the ameliorative effect of the changes to section 667.5, subdivision (b) effected by Senate Bill 136. We agree. Indeed, under section 1171.1, added by Senate Bill No. 483 (2021-2022 Reg. Sess.) (Senate Bill 483), effective January 1, 2022, "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." (§ 1171.1, subd. (a).) Whether considered in light of recently enacted section 1171.1 or in the context of Senate Bill 136 applicable to defendant's case as informed by *Esquivel, supra*, 11 Cal.5th 671, and *In re Estrada* (1965) 63 Cal.2d 740, 744-745 (absent evidence of contrary legislative intent, ameliorative criminal statutes apply to all cases not final when the statute takes effect), defendant's four prior prison term enhancements, none of which were for a sexually violent offense, are no longer valid.

Under a separate heading, defendant asserts the proper remedy is for this court to strike the four prior prison term enhancements rather than remand to the trial court for resentencing and to afford the prosecution the opportunity to withdraw from the plea agreement. Acknowledging a split of authority on the matter, defendant urges us to follow cases that have held that the proper remedy is for the appellate court to strike the enhancements and remand solely for purposes of amending the abstract of judgment. (See, e.g., *People v. Andahl* (2021) 62 Cal.App.5th 203, review granted June 16, 2021, S268336; *People v. France* (2020) 58 Cal.App.5th 714, review granted Feb. 24, 2021, S266771.) The Attorney General disagrees, asserting the matter must be remanded to afford the prosecution the opportunity to either accept the reduced term or seek to withdraw from the plea agreement. (See, e.g., *People v. Griffin* (2020) 57 Cal.App.5th 1088, review granted Feb. 17, 2021, S266521.)

In his reply brief, defendant raises language in Senate Bill 483 addressed to the legislative findings and intent: "[I]t is the intent of the Legislature to retroactively apply

4

. . . Senate Bill 136 . . . to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements." "*It is the intent of the Legislature that any changes to a sentence as a result of the act that added this section shall not be a basis for a prosecutor or court to rescind a plea agreement*." (Stats. 2021, ch. 728, § 1, italics added.)

Thus, despite the foregoing split of authority, following the enactment of Senate Bill 483, the striking of a no-longer-valid section 667.5, subdivision (b) prior prison term enhancement, or the resentencing to strike such an enhancement, may not serve as the basis for the People to withdraw from a plea agreement. (Stats. 2021, ch. 728, § 1.)

Section 1171.1, enacted by Senate Bill 483, contemplates recall and resentencing for persons whose convictions are final and who are serving terms for judgments including no-longer-valid section 667.5, subdivision (b) enhancements. (§ 1171.1, subds. (c), (d), (e).) Section 1171.1 remand and resentencing may also provide the appropriate appellate remedy in many cases where a defendant has been sentenced for an enhancement under section 667.5, subdivision (b) and the defendant's judgment is not yet final. In such cases, this would afford the trial court the opportunity to resentence under the "full resentencing rule" (*People v. Buycks* (2018) 5 Cal.5th 857, 893 ["when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances' "]), subject to the requirements and limitations in section 1171.1. (See § 1171.1, subd. (d).) However, we conclude that remand and resentencing for cases not yet final on direct appeal is not necessarily a statutory mandate under section 1171.1 where, as here, remand and resentencing would serve no purpose.

Defendant is entitled to have his four section 667.5, subdivision (b) prior prison term enhancements stricken. (§ 1171.1, subd. (a).) The People are not entitled to withdraw from the plea agreement. (Stats. 2021, ch. 728, § 1.) The only other term imposed here was the upper term of six years on count I, the only remaining count.

There are no other counts or enhancements. Moreover, the trial court would lack discretion to impose a different or lesser term than the upper term of six years on count I. Acceptance of a negotiated plea agreement "binds the court and the parties to the agreement."[3] (*People v. Segura* (2008) 44 Cal.4th 921, 930.) Because the trial court approved the plea agreement, it was required to impose the stipulated six-year upper term on count I and, at resentencing, it would lack the discretion to resentence defendant to any other term. Thus, because the trial court would lack discretion to impose any term other than the upper term of six years on count I, and there is no other count or enhancement that would be addressed at resentencing, there simply would be no purpose served by remanding for resentencing. Accordingly, we shall strike defendant's four section 667.5, subdivision (b) prior prison term enhancements and the sentences imposed thereon.

II

*Custody Credits*

Defendant asserts he is entitled to additional custody credits. He asserts he is entitled to a total of 373 days rather than the 357 days with which the trial court credited him. The Attorney General concedes defendant is entitled to 16 additional days of credit. We accept the People's concession. The parties agree, as do we, that the trial court did not credit defendant for three days when he was in custody between January 31 and February 2, 2020, and for five days when he was in custody between May 11 and

---

[3] That the agreement has been altered, in a sense, is not lost on us. Nonetheless, the Legislature has made it quite clear that the prior prison term enhancements imposed here are no longer legally valid (§ 1171.1, subd. (a)), and that the elimination of these enhancements "shall not be a basis for a prosecutor *or court* to rescind a plea agreement." (Stats. 2021, ch. 728, § 1, italics added.) Moreover, the Legislature or the electorate " 'may bind the People to a unilateral change in a sentence without affording them the option to rescind the plea agreement.' " (*People v. Stamps* (2020) 9 Cal.5th 685, 703, quoting *Harris v. Superior Court* (2016) 1 Cal.5th 984, 992.)

May 15, 2020.  Thus, defendant was entitled to 157 days for actual time rather than 149 days, plus 156 days pursuant to section 4019.  Further, as the court acknowledged, defendant served 60 days in jail pursuant to the plea agreement before his violation of probation.  Therefore, defendant's total custody credits as of sentencing should have been 373 days rather than 357 days, consisting of 217 days of actual local time (157 days plus 60 days) and 156 days of local conduct credit pursuant to section 4019.  We shall order the abstract of judgment corrected to reflect the correct custody credits.

DISPOSITION

The four section 667.5, subdivision (b) enhancements, and the sentences imposed thereon, are stricken.  The trial court is ordered to prepare an amended abstract of judgment (1) striking the four section 667.5, subdivision (b) prior prison term enhancements and the sentences imposed thereon, and (2) amending defendant's custody credits to 373 days rather than 357 days as detailed *ante*.  The court shall forward the amended abstract to the Department of Corrections and Rehabilitation.  The judgment is otherwise affirmed.

/s/
RAYE, P. J.

We concur:

/s/
BLEASE, J.

/s/
KRAUSE, J.

7