Filed 3/15/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>STEVEN LAURENT MONTGOMERY, JR.,<br><br>        Defendant and Appellant. | A167813<br><br>(Solano County<br>Super. Ct. No. FCR330516) |

        In 2018, Steven Laurent Montgomery, Jr. pled no contest to several violent felonies.  Pursuant to a plea bargain, the trial court sentenced him to 18 years in prison, including two one-year enhancements for prior prison sentences within the meaning of former Penal Code section 667.5, subdivision (b) (prison priors).  (Undesignated statutory references are to this code.) Later, Montgomery became eligible for resentencing under Senate Bill No. 483 (2021–2022 Reg. Sess.) (Sen. Bill 483), which invalidated most prison priors imposed before January 1, 2020.[1]  (Stats. 2021, ch. 728, § 3.)  Although the court struck the prison priors, it failed to hold a resentencing hearing. Accepting the Attorney General's concession of error, we reverse and remand with instruction to hold a resentencing hearing under section 1172.75. Further, we conclude the Legislature intended to constrain the prosecutor's

---

        [1] This statute was formerly section 1171.1, but the Legislature renumbered it to section 1172.75.  (Assem. Bill No. 200 (2021–2022 Reg. Sess.); Stats. 2022, ch. 58, § 12.)

ability to withdraw from the plea bargain due to sentence reductions at the resentencing hearing.

## BACKGROUND

The prosecutor charged Montgomery with forcible oral copulation (former § 288a, subd. (c)(2)(A) [renumbered § 287, subd. (c)(2)(A), eff. Jan. 1, 2019]; count one), injuring a domestic partner (§ 273.5, subd. (f); count two), false imprisonment by violence (§ 236; count three), assault with a deadly weapon (§ 245, subd. (a)(1); count four), and assault by means likely to produce great bodily injury (*Id.*, subd. (a)(4); count five).  The prosecutor alleged Montgomery personally inflicted great bodily injury in the commission of a felony sex offense on count one, and he inflicted great bodily injury under circumstances involving domestic violence on all counts. (§§ 667.61, subds. (a) & (d), 12022.7, subd. (e).)

Under the terms of a plea agreement, Montgomery pled no contest to injuring a domestic partner, false imprisonment, and assault with a deadly weapon, in addition to admitting the great bodily injury enhancement as to those offenses.  He also pled no contest to forcible oral copulation, and the prosecutor dismissed the sex offense enhancement and assault charge. Montgomery also admitted two prison priors within the meaning of former section 667.5, subdivision (b).

The parties agreed to — and the trial court imposed — a sentence of 18 years, which consisted of the upper term of eight years for forcible oral copulation, one year for injuring a domestic partner plus a five-year great bodily injury enhancement, eight months for false imprisonment, one year for assault with a deadly weapon, and one consecutive year for each prison prior.

After the Department of Corrections and Rehabilitation (CDCR) notified the trial court of various errors in the abstract of judgment, the

2

court — with the agreement of the parties — imposed the great bodily injury enhancement on the forcible oral copulation plea and corrected the abstract of judgment to reflect a sentence of 17 years and eight months. And after the Legislature enacted Sen. Bill 483, the court dismissed both one-year prison priors, but it did not conduct a resentencing hearing in Montgomery's presence.

## DISCUSSION

The parties agree Sen. Bill 483 not only invalidated Montgomery's prison priors, it mandated a full resentencing hearing — with a right to be present, represented by counsel, and present evidence at the hearing. We likewise agree, reverse the trial court's order striking the prison priors, and remand for a resentencing hearing under section 1172.75.

But the parties disagree on one remaining point. The Attorney General argues that, if the trial court is inclined to reduce Montgomery's sentence beyond dismissing the prison priors, the prosecutor must be permitted to amend or withdraw from the plea agreement, returning the parties to the status quo ante. For his part, Montgomery contends the prosecutor cannot withdraw from the plea agreement due to any sentence reduction at the hearing, even one due to enactments other than Sen. Bill 483. We conclude Montgomery has the better argument.

Section 1172.75 provides "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5 [a prison prior], except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1172.75, subd. (a); *People v. Monroe* (2022) 85 Cal.App.5th 393, 399 (*Monroe*).) Once the CDCR identifies those persons serving a term which includes a prison prior, " 'the

3

court shall recall the sentence and resentence the defendant.' " (*Monroe*, at p. 399.)

"By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*Monroe*, *supra*, 85 Cal.App.5th at p. 402.) "The resentencing 'shall result in a lesser sentence than the one originally imposed' " unless the court finds " 'that imposing a lesser sentence would endanger public safety,' " but it may not impose a longer sentence. (*Id.* at p. 399; § 1172.75, subd. (d)(1).) The " 'court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing.' " (*Monroe*, at p. 399; § 1172.75, subd. (d)(2).) The court may consider postconviction factors, including but not limited to the defendant's disciplinary record, evidence indicating the defendant's risk for future violence has diminished, or evidence that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interests of justice. (*Monroe*, at p. 399; § 1172.75, subd. (d)(3).)

"[L]ong-standing law limits the court's unilateral authority to strike an enhancement yet maintain other provisions of the plea bargain." (*People v. Stamps* (2020) 9 Cal.5th 685, 701.) Section 1192.5 constrains a trial court's actions when the parties have agreed to a plea deal. (*People v. Prudholme* (2023) 14 Cal.5th 961, 973 [" ' "judge who has accepted a plea bargain is bound to impose a sentence within the limits of that bargain" ' "].) Once the court approves a plea agreement, " 'the court may not proceed as to the plea other than as specified in the plea.' " (*Ibid*; § 1192.5, subd. (b).) The court thus lacks jurisdiction to alter the terms of the plea agreement so it becomes more favorable to the defendant unless the parties agree otherwise.

(*Prudholme*, at p. 973.) " ' "[O]nce a court withdraws its approval of a plea bargain, the court cannot 'proceed to apply and enforce certain parts of the plea bargain, while ignoring' others." ' " (*Stamps*, at pp. 706–707.) " ' "Instead, the court must restore the parties to the status quo ante." ' " (*Id.* at p. 707.)

A plea agreement, however, does incorporate " ' "the reserve power of the state to amend the law." ' " (*Doe v. Harris* (2013) 57 Cal.4th 64, 66.) A plea agreement "does not have the effect of insulating [the parties] from changes in the law that the Legislature has intended to apply to them." (*Ibid.*) Thus, the critical inquiry in determining the effect of a change in the law on a plea agreement is one of legislative intent. (*Harris v. Superior Court* (2016) 1 Cal.5th 984, 991.) Here, in an uncodified section of Sen. Bill 483, the Legislature expressed that "any changes to a sentence as a result of the act that added this section shall not be a basis for a prosecutor or court to rescind a plea agreement." (Stats. 2021, ch. 728, § 1.)

Two courts have addressed the extent to which the Legislature has precluded prosecutors from withdrawing from a plea bargain due to sentence reductions following a section 1172.75 resentencing hearing. In *People v. Carter* (2023) 97 Cal.App.5th 960 (*Carter*), the Fourth District held that the Legislature intended to prohibit the prosecutor from withdrawing from a plea bargain for *any* reduction to a sentence, even if the reduction resulted from a code provision other than those enacted by Sen. Bill 483. (*Carter*, at pp. 964, 972–973.) In *People v. Coddington* (2023) 96 Cal.App.5th 562 (*Coddington*), on the other hand, Division One of this court held that the Legislature intended to preclude a prosecutor from withdrawing from a plea agreement when a prison prior is struck, but the prosecutor *can* withdraw from the

agreement if the sentence is otherwise reduced.  (*Id.* at p. 565.)  We find this to be a rather close issue, but we share the views expressed in *Carter*.

*Carter* based its conclusion on the text and legislative history of Sen. Bill 483.  (*Carter, supra*, 97 Cal.App.5th at pp. 968, 973–975.)  Section 1172.75, subdivision (d)(2) requires a trial court resentencing a defendant to "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion."  Sen. Bill 483's uncodified section expressly requires that "*any changes* to a sentence as a result of the act that added this section *shall not be a basis for a prosecutor or court to rescind a plea agreement.*"  (Stats. 2021, ch. 728, § 1, italics added; *Carter*, at p. 973.)  That language does not distinguish between the striking of prison priors and " 'any other changes in law that reduce sentences or provide for judicial discretion,' " nor does the bill's legislative history make such a distinction.  (*Carter*, at pp. 966, 972–975.)  Instead, the uncodified section "broadly refers to 'any changes' to the sentence."  (*Id.* at p. 973.)  *Carter* concluded the Legislature thereby intended to preclude a prosecutor from rescinding a plea agreement due to *any* sentence reduction at a section 1172.75 hearing.  (*Carter*, at p. 973.)  We reach the same conclusion.  (*Cornette v. Department of Transportation* (2001) 26 Cal.4th 63, 73–74 ["A court may not rewrite a statute, either by inserting or omitting language, to make it conform to a presumed intent that is not expressed."].)

This interpretation is consistent with other resentencing provisions in section 1172.75, subdivision (d).  (*People v. Prudholme, supra,* 14 Cal.5th at p. 975 [examine the statutory language not in isolation, but in the context of the statutory framework as a whole].)  A trial court must impose a lesser sentence unless it finds by clear and convincing evidence that doing so would endanger public safety.  (§ 1172.75, subd. (d)(1).)  And the court may also

consider postconviction factors, including disciplinary and rehabilitation records, and any evidence reflecting whether age, time served, and diminished physical condition have reduced the defendant's risk for future violence to determine whether "continued incarceration is no longer in the interest of justice." (*Id.*, subd. (d)(3).) Moreover, the resentencing hearing "shall not result in a longer sentence than the one originally imposed." (*Id.*, subd. (d)(1).) Taken together with the uncodified section, these provisions indicate the Legislature intended to reduce or preserve sentences whilst limiting the prosecutor's ability to rescind plea agreements as a result.[2]

We respectfully disagree with our colleagues in Division One. *Coddington* — relying on *People v. Stamps* — rejected the argument that Sen. Bill 483's uncodified section prohibits a prosecutor from rescinding a plea agreement for sentence reductions beyond the elimination of prison priors. (*Coddington*, *supra*, 96 Cal.App.5th at pp. 570–571.) The court concluded the codified legislative purpose in section 1172.75, subdivision (d)(2) was more important than the uncodified language. (*Coddington*, at pp. 570–571.) Subdivision (d)(2) directs the trial court to apply the sentencing rules of the Judicial Council and any other changes in law that reduce sentences or provide for judicial discretion "so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2); *Coddington*, at p. 571.) The court concluded that "categorically preventing prosecutors from withdrawing assent to a plea bargain for other [non-prison prior] changes reducing sentences that were part of a plea bargain" thwarts this intent because prosecutors "would retain such a remedy for defendants being

---

[2] Indeed, in *People v. Prudholme*, *supra*, 14 Cal.5th at pages 979 to 980, the Supreme Court cited the uncodified section of Sen. Bill 483 as an "express statement . . . employed effectively" to communicate the Legislature's intent.

sentenced prospectively." (*Coddington*, at p. 571.) Such a result, *Coddington* reasoned, "would produce, not eliminate, sentencing disparities." (*Ibid.*) With regard to the legislative history, *Coddington* concluded the Legislature eliminated most prison priors with Senate Bill No. 136 (2019–2020 Reg. Sess.), and Sen. Bill 483 was enacted "to make the change retroactive." (*Coddington*, at p. 571; Stats. 2021, ch. 728, § 1.)

Like *Carter*, we think the language here is closer to *Harris v. Superior Court* than *People v. Stamps*. (*Carter*, *supra*, 97 Cal.App.5th at p. 974.) *Stamps* held that, for the defendant " 'to justify a remand for the court to consider striking his serious felony enhancement while maintaining the remainder of his bargain, defendant must establish not only that [the legislative change] applies retroactively, but that, in enacting that provision, the Legislature intended to overturn long-standing law that a court cannot unilaterally modify an agreed-upon term.' " (*Carter*, at p. 969.) *Stamps* concluded the Legislature did not intend such a result because none of the legislative materials mentioned plea agreements. (*Stamps*, *supra*, 9 Cal.5th at pp. 701–702.) In *Harris*, by contrast, the Supreme Court concluded that, by "expressly mentioning convictions by plea, Proposition 47 contemplated relief to all eligible defendants." (*Harris*, *supra*, 1 Cal.5th at pp. 991–993.) As in *Harris*, Sen. Bill 483's uncodified section "expressly mentions plea agreements and prohibits both the court and the prosecution from rescinding the plea agreement." (*Carter*, at p. 974.)

We also conclude that, by enacting Sen. Bill 483, the Legislature intended to correct *past* sentencing disparities resulting from " 'racial bias' " and to " 'ensure equal justice,' " rather than the potential disparity noted in *Coddington*. (*Coddington*, *supra*, 96 Cal.App.5th at p. 571; Stats. 2021, ch. 728, § 1.) Indeed, the Legislature said as much in the uncodified section,

explicitly making Senate Bill No. 136 (2019–2020 Reg. Sess.) retroactive "in order to ensure equal justice and address systemic racial bias in sentencing." (Stats. 2021, ch. 728, § 1.) This intent is also evidenced by Sen. Bill 483's express mandate that resentencing under its terms shall result in a reduced sentence unless there is a finding that a lesser sentence would endanger public safety. (§ 1172.75, subd. (d)(1).) The legislative history is in accord. "The Assembly Committee on Public Safety's analysis of Senate Bill 483 emphasized the bill author's statement ' "that long prison and jail sentences have no positive impact on public safety, but are demonstrably injurious to families and communities — particularly Black, Latino, and Native Americans in the United States and in California." ' " (*Carter*, *supra*, 97 Cal.App.5th at p. 974.) As in *Harris*, these goals would be thwarted if the prosecution could withdraw from a plea agreement if a resentencing hearing resulted in a sentence reduction beyond the elimination of prison priors. (*Harris v. Superior Court*, *supra*, 1 Cal.5th, at p. 992.)

## DISPOSITION

The trial court's order striking the prison priors is reversed, and the matter remanded so the court may hold a resentencing hearing that complies with section 1172.75.[3] At the hearing, Montgomery may seek relief under any provision of section 1172.75, and the prosecutor may not rescind the plea agreement due to a resulting sentence reduction. The abstract of judgment

---

[3] Since we hold section 1172.75 provides Montgomery the right to be present, represented by counsel, and to present evidence at a full resentencing hearing, we need not reach his constitutional claims. Also, we have no occasion to consider the interplay of section 1172.75, subdivision (d) and other changes in sentencing law that the Legislature or case law have determined were not " 'intended to overturn long-standing law that a court cannot unilaterally modify an agreed-upon term.' " (*Carter*, *supra*, 97 Cal.App.5th at p. 969; e.g., *People v. Stamps*, *supra*, 9 Cal.5th at p. 707.)

9

filed December 13, 2022, shall be corrected to reflect that Montgomery pled to the great bodily injury enhancements (§ 12022.7, subd. (e)) on counts two and three, but the punishments were stayed. We also note that all abstracts of judgment incorrectly note Montgomery pled to count two as a violation of section 237.5, subdivision (a). The abstract of judgment issued after the resentencing hearing shall reflect Montgomery pled to a violation of section 237.5, subdivision (f).

_____

Rodríguez, J.

WE CONCUR:


_____

Tucher, P. J.


_____

Fujisaki, J.


A167813

11

Trial Court: Solano County Superior Court

Trial Judge: Hon. Daniel J. Healy

Counsel:

Megan Hailey-Dunsheath, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.